ESTHER STEWART *vs.* HOWARD A. GARRETT, and
OLIVER S. MAUS, Partners, trading as H. A.
GARRETT & Co.

*Statute of Limitations—Acknowledgment.*

An unqualified acknowledgment of a subsisting indebtedness, whether
made to the plaintiff, or his agent, or to a stranger, is sufficient in
this State, to remove the bar of the Statute of Limitations.

APPEAL from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court. The
plaintiff excepted to the ruling of the Court upon the
instructions asked. The jury found for the defendants for
the sum of $26.66. The defendants entered a *remittitur*
for the amount so found by the jury in their favor. The
Court (LYNCH and VINSON, J.) subsequently ordered that
the plaintiff pay the costs of the suit. The plaintiff appealed.

The cause was submitted to ALVEY, C. J., YELLOTT,
STONE, MILLER, ROBINSON, and BRYAN, J.

*James Dawson, Thomas Anderson,* and *W. Veirs Bouic,
Jr.,* for the appellant.

*Hattersly W. Talbott, J. B. Henderson,* and *George Peter,*
for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The suit in this case was brought on two promissory
notes, to which the defendants pleaded payment and set-
off. The set-off filed with the plea, is an *open account,*
all the items of which are of more than *three years stand-*

*ing.* To remove the bar of the Statute of Limitations relied on by the plaintiff in her replication, the defendants proved by the witness Stone, that in a conversation with the plaintiff at her house, within three years before the filing of the set-off, she showed him the notes sued on; and on being asked by witness why she did not sue the defendants, she replied, "that she owed them for goods bought at their store while she was keeping hotel; and that she did not know how they stood, and that was the reason she had not sued them."

The defendants further proved the sale and delivery of the goods; and that the account filed as a set-off, was the only account they had against the plaintiff for goods sold to her while she was keeping a hotel. And the question is whether these facts, are in themselves sufficient to prove a *new promise?*

To remove the bar of the Statute, the defendants were bound to prove an acknowledgment by the plaintiff of a *present subsisting* indebtedness, unaccompanied by any qualification or declaration, which, if true, would exempt her from a moral obligation to pay. Further than this, they were bound also to prove that such acknowledgment referred to the *identical set-off* filed by the defendants. And this we think the proof fully establishes. It shows not only an unqualified acknowledgment of a subsisting indebtedness to the defendants for goods sold to her while she was keeping hotel, but also that the account filed was the only account they had against her for goods thus sold. These facts, together with the proof of the sale and delivery of the goods charged, were under the decisions in *Grey vs. Tams,* 6 *Gill,* 82, and *Quynn vs. Carroll's Adm'rs,* 10 *Md.,* 197, sufficient to remove the bar of the Statute.

But then again, it is argued, that the acknowledgment on the part of the plaintiff is insufficient, because it was made to a stranger and not made to the defendants or their agent. Since the decision in the leading case of

*Oliver vs. Gray*, 1 *H. & G.*, 204, this is no longer an open question in this State. In that case it was expressly decided that the unqualified acknowledgment of a subsisting indebtedness was sufficient, whether such acknowledgment was made to the *plaintiff or to a stranger*. It has been held, we are aware, in some States, that the acknowledgment must be made to the party or his agent. The decisions in these cases proceed on the principle, that the debt is extinguished by operation of the Statute, and the action is brought on the *new promise*, and it is necessary therefore that the acknowledgment should be made to the contracting parties. The debt, however, is not in this State extinguished by the operation of the Statute—it affects only the remedy. The suit is brought on the original cause of action, and the new promise is offered in evidence to remove the bar of the Statute. So it may be considered, as settled law in this State, that the acknowledgment, whether made to the party or his agent, or to a stranger, is sufficient.

*Judgment affirmed.*

(Decided 22nd June, 1886.)