WILLIAM R. EMERSON *vs.* C. AULTMAN & Co., (an
Incorporated Company.)

*Guaranty—Form of Action—Evidence—Statute of Frauds—*
*Statement of Consideration—"Value received"—Admis-*
*sion—Statute of Limitations.*

In case of an ordinary guaranty, the contract of guaranty must
be declared on specially, and it cannot be given in evidence un-
der the common counts in assumpsit.

But where the guarantor of the payment of a promissory note has
by the form of his guaranty endorsed thereon, waived compliance
with every condition, the non-observance of which by the payee
of the note would in an ordinary case release a guarantor or
surety from the obligation of his contract, the guaranty will be
admissible in evidence against him under the common counts in
assumpsit brought by the payee.

Where the obligation or guaranty, which was written upon the
note nearly five months after its date, upon its face states the
consideration to be "for value received," this is a sufficient ex-
pression of the consideration to gratify the requirement of the
Statute of Frauds in relation to the assuming to pay the debt
of another.

An admission by the defendant of his liability on a note, of its
non-payment, and of his obligation to pay it, made to an attorney
not shown to have ever sustained the relation of counsel to him,
such admission being unaccompanied with any qualification or
declaration which, as between him and the plaintiff, if true,
would have exempted him from a moral obligation to pay the
same, is admissible in evidence, and sufficient, if made within
three years before the commencement of the suit, to remove
the bar of the Statute of Limitations.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—The plaintiff, to maintain the issues on its part, offered to prove by Urie Townsend, a member of the bar. of Baltimore, the note of George S. Powell, made the 1st of July, 1881, by proving the signature of William R. Emerson, written on the back and face thereof, and the circumstances connected with the note at bar and endorsement thereof; to this the defendant objected, but the Court (BROWN, C. J.,) overruled the objection and allowed the note and endorsement to go to the jury, the witness identifying the signatures of William R. Emerson, but not knowing Powell's signature.   The defendant excepted.

*Second Exception.*—This exception relates to the admissibility and effect of the evidence of the witness, Urie Townsend to remove the bar of the Statute of Limitations ; and is sufficiently stated in the opinion of the Court.

*Third Exception.*—The plaintiff offered the two following prayers :

1. That if the jury believe from the evidence that on the 9th of November, 1881, the defendant, William R. Emerson, endorsed the promissory note of George S. Powell, executed on the first day of July, 1881, and given in evidence, then said endorsement furnishes *prima facie* proof that said endorsement was for value received by the defendant, and said endorsement also guaranteed the payment of said note on or before the first of January, 1883, and any renewal of the same, and waived protest, demand, and notice of demand and non-payment, and suit against the maker, and consented that the payment of said note might be extended from time to time without affecting his liability thereon; and if the jury shall also find that in spring or summer of 1886, the defendant admitted to the witness, Townsend, the endorsement by defendant of said note, and that it was not paid; and if the jury shall further find

that the said note is still due to the plaintiff, except the sum of $95 credited on said note on November 9th, 1883, then their verdict must be for the plaintiff for the balance due on said note with interest thereon.

2. That there is no evidence in the case which shows that at the time of the conversation of the witness, Townsend with the defendant, the witness, Townsend, was counsel for the defendant, and that such a conversation was a privileged one.

And the defendant offered the eight prayers following:

1. That if the evidence of Urie Townsend, as given in this case, is believed by the jury it is insufficient to remove the bar of the Statute of Limitations, and they must find for the defendant.

2. That if the jury believe from the evidence in this case the defendant acknowledged the debt sued upon, to be due by him to the plaintiff, and that said acknowledgment was in fact made by the defendant to the witness, Urie Townsend, at the time the said witness was the counsel of the defendant, and that the defendant made said acknowledgment to said witness as a confidential communication to his counsel, they must find for the defendant.

3. That if the jury believe from the evidence that the defendant contracted in the guaranty sued on, to any renewal of the note of G. S. Powell to the plaintiff, then it was incumbent upon the plaintiff to have had said note renewed within three years from the date of its maturity, or to have brought suit on said note within three years from its maturity, against the said G. S. Powell, and upon failure so to do, if believed by the jury, the said defendant was discharged, and the plaintiff is not entitled to recover in this suit.

4. That if the jury believe from the evidence that the machine mentioned in the note of Geo. S. Powell to the plaintiff, was delivered to the said George S.

Powell before he gave the note offered in evidence, bearing date July 1st, 1881, and that the defendant did not make the guarantee thereon till the 9th of November, 1881, and that there was no consideration for said guarantee than is expressed in said note, and the guarantee written on the back of said note, then there is no sufficient consideration expressed on said guarantee to gratify the Statute of Frauds in relation to the assuming to pay the debt of another, and they must find for the defendant.

5. That the plaintiff is not entitled to recover on the defendant's guarantee sued on, as there is no sufficient consideration expressed on the face of the same to gratify the requirements of the Statute of Frauds in relation to the assuming to pay the debt of another.

6. That if the jury believe from the evidence that the guarantee sued on was given by the defendant for the debt of Geo. S. Powell, they must find for the defendant if they believe there was no consideration for said guarantee other than the debt of Geo. S. Powell to the plaintiff.

7. That the plaintiff is not entitled to recover under the pleadings and evidence in this cause, because the plaintiff's declaration charges the defendant as an endorser, when, under his contract of guarantee offered in evidence, he, the defendant, is a guarantor and not an endorser.

3. That the burden of proof that the endorsement or guarantee of W. R. Emerson on note sued upon was for value received, is upon the plaintiff in this cause.

The Court granted the prayers of the plaintiff, and rejected those offered by the defendant. The defendant excepted, and the verdict and judgment being against him, he appealed.

Emerson *vs.* Aultman & Co.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and McSHERRY, J., for the appellant, and submitted on brief for the appellee.

*Howard Bryant*, and *William S. Bryan, Jr.*, for the appellant.

A guarantor not being a joint contractor with the principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequences of the default of the principal. The original contract of his principal is not his contract, and he cannot be sued with his principal. *Baylies on Sureties and Guarantors,* 4, 5, (*Ed.,* 1881;) *Brandt on Suretyship and Guaranty, sec.* 1, (*Ed.,* 1878.)

If it appears that the person for whose use the goods were furnished is liable, and a sufficient promise in writing by defendant to pay the debt is produced, though the plaintiff will then be entitled to recover, yet it can only be upon a special action of assumpsit, stating the particular circumstances of the promise, and not upon a general *indebitatus assumpsit;* and care therefore must be taken in such case to frame the declaration accordingly. *Rozer vs. Rozer,* 2 *Ventris,* 36; *Forth vs. Stanton,* 1 *Saunders,* 211*a; Mines vs. Sculthorpe,* 2 *Camp.,* 214.

A declaration upon an endorsement of a promissory note guaranteeing payment by the maker of the note, must aver the consideration upon which such endorsement is made; and to charge the guarantor on the note, it must have been done on some description of contract with the plaintiff, by which the defendant might gain or the plaintiff might be prejudiced, and that contract, whatever it was, ought to be substantially set out in the declaration. This is not done, and for that reason the plaintiff cannot recover. *Greene vs. Dodge,* 2 *Hammond,* (*Ohio,*) 499; *Bailey & Bogart vs. Freeman,* 4 *Johns.,*

281 ; *Klein vs. Currier*, 14 *Ill.*, 237 ; *Butler vs. Rawson*, 1 *Denio*, 105 ; *Wells vs. Girling*, 8 *Taunt.*, 737 ; *Baylies on Guarantors, sec.* 3, *p.* 391.

It is an established rule of law that where there is a subsisting special agreement, the party to it shall not recover on general counts. He must declare on the special agreement, and that being the gist of the action it must be stated in the declaration. *Weston vs. Donnes, Doug.*, 23 ; *Hulle vs. Heightman*, 2 *East*, 145 ; *Watkins vs. Hodges*, 6 *H. & J.*, 38 ; *Speake vs. Sheppard*, 6 *H. & J.*, 81 ; *Elder vs. Warfield*, 7 *H. & J.*, 397.

A guarantor of a promissory note *cannot* be treated or charged as an endorser. *Miller vs. Gaston*, 2 *Hill*, 189; *Tenney vs. Prince*, 4 *Pick.*, 385 ; *Meech vs. Churchill*, 2 *Wend.*, 630 ; *Lamourieux vs. Hewitt*, 5 *Wend.*, 307; *Allen vs. Rightmere*, 20 *Johns.*, 365 ; *Oxford Bank vs. Haynes*, 8 *Pick.*, 428.

With respect to promises to answer for the debt, &c., of another, or collateral promises, as they are generally called, there must be a sufficient consideration, such as forbearance, &c., alleged in the declaration, otherwise they also are not binding though reduced to writing. *Forth vs. Stanton*, 1 *Saund.*, 211*a*.

Where the guaranty is without date and there is no direct proof of the time when it was made, it may be left to the jury to find that it was simultaneous with the note itself; but if it appears that the guaranty was affixed in pursuance of a subsequent contract or arrangement, the burden of proof is upon the plaintiff; and further, in an action of a special guaranty, it is necessary for the plaintiff to *aver* and *prove* a consideration for the guaranty in order to maintain the action, and especially when the guaranty is signed after the original contract or note. *Beakford vs. Gibbs*, 8 *Cush.*, 164; *Klein vs. Currier*, 14 *Ill.*, 237.

The contract of guaranty of the defendant being a new contract, it was incumbent upon the plaintiff to

prove the consideration, and to show a consideration *aliunde.* *Clapton, Ex. vs. Hull,* 51 *Miss.*, 482 ; *Tenney vs. Prince,* 4 *Pick.*, 387.

The fourth, fifth and sixth prayers of the appellant were based upon the theory that the contract of guaranty being signed and made after the execution of the note, a new consideration should have been averred and proved ; or that the consideration being the same as that expressed in the note, as the contract of guaranty *was not made at the same time* the note was given, and not being a part of the same original transaction, was void under the Statute of Frauds. *Nubb vs. Koontz,* 17 *Md.*, 283 ; *Culbertson vs. Smith,* 52 *Md.*, 628.

The obligation endorsed on the note was inadmissible under the common counts. See 1 *Poe on Plead.*, sec. 106 ; *Mines vs. Sculthorpe,* 2 *Camp.*, 215.

It is equally clear that this guaranty was not admissible under the special count, charging Emerson as an endorser. See *Oxford Bank vs. Haynes,* 8 *Pick.*, 428 ; *Miller vs. Gaston,* 2 *Hill, N. Y.,* 191.

The fact that in his contract of guaranty, Emerson waived many of the safeguards thrown by the law around a guarantor's sureties, and others collaterally bound, does not change the nature of the contract, but only takes away the enumerated defences. The waiver of suit against the maker was obviously inserted in the note, because in many jurisdictions, before a guarantor can be sued, the original debtor must be pursued to judgment. *Osborne vs. Smith,* 18 *Fed. Rep.*, 126 ; *Northern Ins. Co. vs. Wright,* 76 *N. Y.*, 445 ; *Ringgold vs. Lewis,* 6 *G. & J.*, 259 ; *Aldrich vs. Chubb,* 35 *Mich.*, 350.

As the plaintiff, by sleeping on its rights, has suffered the Statute of Limitations to run, and thus released Powell, the remedy against Emerson is lost also. *Ohio vs. Blake,* 2 *Ohio State,* 147 ; See *U. S. vs. Chouteau,* 102 *U. S.*, 603 ; *Couch vs. Waring,* 9 *Conn.*, 261 ;

*U. S. vs. Stansbury*, 1 *Peters*, 573; *Hunter vs. U. S.*, 5 *Peters*, 173; *Cage's Ex'rs vs. Cassidy* 23 *How.*, 116.

*Urie Townsend*, and *J. H. Preston*, for the appellee.

The signature of the appellant, both on the back and face of the note, having been proved, the note was properly admitted. *Condon vs. Pearce*, 43 *Md.*, 83; *Macgregor vs. Rhodes*, 6 *Ell. & Bl.*, 266; *Shave vs. Ehle*, 16 *Johns.*, 201; *Morrison vs. Caurrie*, 4 *Duer*, 79; *Edwards vs. Dick*, 4 *Barn. & Ald.*, 212; *McKnight vs. Wheeler*, 6 *Hill*, 492.

The action in this case being in assumpsit, it will hardly be urged in the face of *Jenkins vs. Long & Byrne*, that the endorsement of the appellant on the back of the note should not have been admitted in evidence under the pleading in the case; whether the endorsement on this note was a contract of guaranty or a technical endorsement of the note, there was nothing to be done but the payment of money, and the appellee was entitled to recover under the money counts of the declaration. *Presbyterian Ch., &c. vs. Hoopes' Artificial Stone Co.*, 66 *Md.*, 598; *Jenkins vs. Long & Byrne*, 8 *Md.*, 132.

The instrument itself is a promissory note and endorsed and delivered before maturity, therefore within the Statute of 3d and 4th Anne, chap. IX; and suit can be maintained thereon without proving a consideration. *Noland vs. Ringgold*, 3 *H. & J.*, 216; *Edelen vs. Gough*, 5 *Gill*, 103.

That it is an absolute, unqualified promise to pay at all events and waive all the right usually incident to endorsers or guarantors is also evidenced by the instrument. The promise to pay is equivocal, and at *maturity*, and waives suit against the maker, as well as demand, protest, &c., such incidental rights of a simple endorser, and this promise is made generally to anybody

who holds the note. It is in effect a *promise* to pay the holder of the note $250 on the 1st day of January, 1883. To say such an undertaking is collateral would be to change the meaning of unambiguous words in which the promise of the appellant is clearly expressed.

When the undertaking is direct and unconditional, it is an original and not a collateral undertaking. Neither is it the promise to pay the debt of another. *Hutton vs. Padgett, et al.*, 26 *Md.*, 231; *Anson on Contracts*, 49; *Small vs. Schaefer*, 24 *Md.*, 143; *Dole vs. Young*, 24 *Pick.*, 250; *Gallagher vs. Nichols*, 60 *N. Y.*, 438; *Reigart vs. White*, 52 *Penn.*, 440; *Emerson vs. Slater*, 22 *How.*, 28.

MILLER, J., delivered the opinion of the Court.

In this case an action of *assumpsit* was brought by the appellee against the appellant on the 7th of September, 1887. The declaration contains the common counts, and also a special count charging the defendant in the usual form as endorser of a promissory note dated the 1st of July, 1881, for $250, drawn by George S. Powell as maker, in favor of the plaintiff as payee, and payable on or before the 1st of January, 1883. The note is as follows:

"$250.00. DENTON, MARYLAND, *July 1st*, 1881.

"On or before the first day of January, 1883, for value received in one Buckeye Self-Binder 6 ft., No.—I the undersigned of Caroline County, State of Maryland, promise to pay to the order of C. Aultman & Co., (an incorporated company under the general laws of the State of Ohio), of Canton, Ohio, two hundred and fifty dollars, payable at the office of Adams Express Company, at Ridgely, Md., with interest at six per cent. per annum, from date until paid. Presentment for payment and protest 'waived.'

"GEORGE S. POWELL."

The defendant, Emerson, witnessed Powell's signature to this note, and on the 9th of November, 1881, wrote upon the back of it and signed the following obligation:

"For value received I hereby guarantee the payment of the within note at maturity, and any renewal of the same, and hereby waive protest, demand, and notice of demand and non-payment, and suit against the maker, and consent that the payment of this note may be extended from time to time, without affecting my liability thereon." "Dated this 9th day of November, 1881."

"WILLIAM R. EMERSON."

The case was tried upon issues joined on the pleas of never indebted, and never promised as alleged, and upon the usual replication to the plea of limitations.

The principal question raised by the exceptions is can this obligation be offered in evidence against the defendant under this declaration; and this depends upon the character and effect of the obligation itself. The law is no doubt well settled that in case of an ordinary and usual guaranty, as where one contracts in writing, to be answerable for goods sold to a third party, or where in like manner one engages to pay a note in case the maker fails to pay the same, the contract of guaranty must be declared on specially, and it cannot be given in evidence under the common counts in *assumpsit*. *Mines vs. Sculthorpe*, 2 *Camp.*, 215. The form of such a declaration is set out in 2 *Chitty's Pl.*, (17*th Ed*)., 138, and in 1 *Harr. Ent.*, 388. The reason for this is that in such cases it is necessary to aver and set out the *conditions* upon which, according to the terms of his contract, the liability of the guarantor arises.

But the obligation now before us is a peculiar one, and differs widely from that of an ordinary guaranty.

By it the defendant not only guarantees the payment of the note at maturity, but in like manner guarantees the payment of any renewal of the same. But more than this, he waives not only protest of the note, but demand, and *notice* of demand and *non-payment* by the maker, and *suit* against him, and consents that the *payment* of the note may be *extended* from time to time *without affecting his liability thereon.* From this it seems to us plain that he has waived compliance with every condition the non-observance of which by the payee of the note would, in an ordinary case, release a guarantor or surety from the obligation of his contract. In effect he tells the payee I will pay this note at maturity, and any renewal of the same you may choose to make. You need not protest it nor make demand of the maker, nor give me notice of such demand if made, or of his neglect or refusal to pay. You need not sue him, and you may extend the time of payment as often as you choose without affecting my liability, and the obligation says he agrees to all this "for value received" from the payee, who is the plaintiff in this action. We do not see what else he could have waived or agreed to in order to make his obligation to the plaintiff just as absolute and unconditional as if he had signed the note as joint maker with Powell, when it was executed. Such, in our opinion, is the true construction and effect of this instrument, and it is conceded that if this be so, it would be admissible in evidence under the common counts of this declaration.

It is said, however, upon the theory that this is a guaranty of the note, that to bind a party upon a collateral promise to answer for the debt, or default of another, it is necessary, under the Statute of Frauds, that the *consideration* as well as the promise should appear from the writing; and this no doubt has been the well settled law of England, ever since the case of

*Wain vs. Walters*, 5 *East*, 10, and is the undoubted law of this State. *Wyman vs. Gray*, 7 *H. & J.*, 409; *Elliott vs. Giese, Ibid*, 457. But here the obligation or guaranty which was written upon the note nearly five months after its date, upon its face states the consideration to be "for value received," and this we think gratifies the Statute and the decisions upon this subject. In fact this question was expressly decided by our predecessors in the case of *Edelen vs. Gough*, 5 *Gill*, 104, where the Court speaking by DORSEY, J., held that the terms "for value received" were a sufficient expression of the consideration required by the Statute of Frauds in such cases.

From what we have said it follows there was no error in the rulings of the Court below in the first exception, and in rejecting the defendant's third, fourth, fifth, sixth, seventh and eighth prayers.

The other question in the case relates to the admissibility and effect of the evidence of the witness, Urie Townsend, to remove the bar of the Statute of Limitations, and as to this very little need be said. It is very clear that if admissible, the admissions proved by this witness to have been made to him by the defendant within three years before the commencement of this action, were sufficient to remove the bar of the Statute. According to this evidence the defendant admitted his liability upon this note, that it had not been paid, and his obligation to pay the same, and this admission was not accompanied with any qualification or declaration which, as between him and the plaintiff, if true, would have exempted him from a moral obligation to pay the same. It is said, however, that these admissions were made to the witness when he was counsel for the defendant and were therefore privileged. But we have carefully read the testimony on this subject, and can find no evidence that the relations be-

tween the witness and the defendant was that of attorney and client when the admissions were made, or that the former had ever been even the general counsel for the latter. All that the testimony shows is, that friendly relations had existed between them, and so far from the witness being the counsel for the defendant in this transaction, the note had in fact been sent to him for collection against the defendant by the plaintiff, and the defendant knew this when the admissions in question were made. This being so it is needless to say more on this subject or to cite authorities in reference to privileged communications as between attorney and client. We, therefore, find no error in the rulings in the second exception, or in granting the plaintiff's first and second, and in rejecting the defendant's first and second prayers.

*Judgment affirmed.*

(Decided 13th June, 1888.)