# Gross *v.* Partenheimer, Appellant.

*Contract—Sale of land—Mortgage—Accruing interest.*

In April, 1893, plaintiff agreed to purchase from defendant a lot for eight thousand dollars, payable five thousand dollars in cash on delivery of deed, and the residue by plaintiff's assumption of a mortgage for three thousand dollars then on the lot, plaintiff "to pay also the accruing interest on said mortgage not exceeding six months." The six months' interest from date of mortgage to Feb. 26, 1893, was past due and unpaid, and to avoid foreclosure proceedings, plaintiff was compelled to pay the same. He then brought suit to recover the amount thus paid. *Held*, that he could recover.

"Accruing interest" means running or accumulating interest as distinguished from accrued or matured interest. The words "accruing interest" in the agreement did not refer to nor in any manner embrace any part of the six months' interest which at the date of the contract was then overdue and unpaid. That interest was an incumbrance on the lot which defendant was bound to remove.

Argued Jan. 12, 1894. Appeal, No. 63, Jan. T., 1894, by defendant, R. Partenheimer, from order of C. P. No. 3, Phila.

Co., June T., 1893, No. 944, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiff. Charles H. Gross. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Assumpsit for interest paid to prevent foreclosure of mort-gage.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was making absolute rule for judgment.

*Wm. C. Mayne*, for appellant; *G. H. Chambley*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 5, 1894:

In April, 1893, the parties to this suit entered into a written contract whereby defendant agreed to sell plaintiff a lot for eight thousand dollars, payable five thousand dollars in cash on delivery of deed, and the residue by plaintiff's assumption and payment of the mortgage for three thousand dollars then on the lot; " said Gross to pay also the accruing interest on said mortgage not exceeding six months, and also taxes on said lot for 1893. Title to said lot to be good and marketable and free from incumbrances except said $3,000 mortgage. Deed to pass and cash purchase money of $5,000 to be paid on or about May 1, 1893, except $50.00 thereof now paid."

The mortgage for $3,000 was dated August 26, 1892, with interest semi-annually on the 26th days of February and August. At the settlement, etc., May 1, 1893, the only items deducted from the consideration money were " cash paid on account $50.00," and " mortgage, principal $3,000, interest from February 26, 1893," leaving $4,950, which was then paid, and deed delivered. There was no controversy as to the taxes for 1893 or the interest on the mortgage from February 26, 1893. The six months' interest, from date of mortgage to February 26, 1893, was past due and unpaid, and, to avoid foreclosure proceedings, plaintiff was compelled to pay the same, and this suit was brought to recover that amount with interest. As set forth in his statement filed, plaintiff's claim is substantially the foregoing. As disclosed by defendant's affidavit, the substance of his defence is that plaintiff was bound to pay not less than

six months' interest on the mortgage, accrued and accruing up to the date of settlement, coupled with an averment that defendant is now and always has been ready " to allow said plaintiff the excess of six months' interest to date of settlement, to wit, the sum of $31.50," etc.

By assuming, as he then did, the mortgage debt with accruing interest from February 26th, to that date, plaintiff had already accounted for $31.50, the amount of said " accruing interest." This added to the $90.00, past due interest which he was compelled to pay to prevent foreclosure of the mortgage, makes $121.50 interest paid and assumed by him prior to the institution of this suit. Of this, the defendant avers his willingness " to allow " $31.50, which he terms " the excess," etc., thus holding plaintiff to what is claimed to be his contract liability to pay six months' interest up to date of settlement.

This contention hinges entirely on the proper construction of the clause in the contract of sale, above referred to, wherein the plaintiff agrees to pay " the accruing interest on said mortgage not exceeding six months." There is nothing in the affidavit of defence that can in anywise aid or control the construction of this clause. If " accruing interest " means interest which, according to the terms of the security, was due and payable on February 26, 1893, and remained overdue and unpaid at the date of the contract, the defendant's construction should prevail; but, we cannot agree that these words mean any such thing. Such a construction would be strained and wholly unwarranted by the language employed. As generally understood, " accruing " interest means running or accumulating interest as distinguished from accrued or matured interest. When we speak of interest which is from day to day accumulating on the principal debt, but which is not yet due and payable, we call it accruing interest. When we refer to interest heretofore payable, but still remaining unpaid, we speak of it as overdue interest, arrears of interest, or interest in arrear, just as we speak of rent in arrear. We are therefore of opinion that the words " accruing interest " do not refer to, nor in any manner embrace any part of the six months' interest which was then overdue and unpaid. That interest was an incumbrance on the lot, which the defendant was bound to remove.

He refused to do so; and the plaintiff, who was compelled to pay it in order to prevent foreclosure of the mortgage, etc., is entitled to recover the amount thus paid with interest from date of payment. The learned court was clearly right in adjudging the affidavit of defence insufficient and entering judgment against defendant for the amount claimed by plaintiff.

Judgment affirmed.