JOHN FINN, Appellent, v. JOHN J. SEEGMILLER, ANNIE
    SEEGMILLER, MARY SEEGMILLER, JACOB SEEGMILLER,
    and THE CITIZENS' SAVINGS BANK OF DECORAH, IOWA.

**Negotiable instruments:** LIMITATION: REVIVER. To revive a cause
1  of action founded upon contract the written admission must
   clearly and directly express the indebtedness admitted; an
   agreement reviving one note of a series is not an admission
   that the others are unpaid.

**Taxation of costs:** REMITTITUR BY APPELLATE COURT. The Supreme
2  Court will not remit attorney's fees excessively taxed to which
   the attention of the trial court was not called.

*Appeal from Winneshiek District Court.*— HON. L. E. FEL-
LOWS, Judge.

WEDNESDAY, APRIL 3, 1907.

ACTION to recover judgment on three promissory notes
executed by defendants to one Tim Finn, and to foreclose a
mortgage securing the same. Defendants pleaded the statute
of limitations as to the second note, and offered to confess
judgment on the other two notes for the amount of the prin-
cipal thereof and accrued interest remaining unpaid and for
attorney's fees. The court sustained the plea of the statute
of limitations as to the second note, rendered judgment on
the other two notes, and decreed foreclosure of the mortgage
for the amount thus found due. Plaintiff appeals.— *Af-
firmed.*

*E. W. Cutting,* for appellant.

*E. P. Johnson,* for appellee.

McCLAIN, J.— The three notes sued on and the mort-
gage securing the same were executed by defendants John J.

Seegmiller and Annie Seegmiller, June 1, 1892. The notes for $300 each, with interest, were made payable by their terms in two, three, and four years, and this action was instituted on June 10, 1905, which was more than ten years after maturity of the first two notes. In May, 1904, the signers of the notes executed a written acknowledgment in the following terms: " Know all men by these presents: That we, John J. Seegmiller and Annie Seegmiller, his wife, of Winneshiek county, Iowa, hereby acknowledge that a certain promissory note made by us June 1st, 1892, in favor of Tim Finn, and which note is payable by its terms, June 1st, 1894, and is wholly unpaid except the interest thereon which is paid to June 1st, 1901, and which note has been sold and transferred to John Finn by said Tim Finn. And we do hereby renew said note and hereby promise and agree to pay the same according to its terms on or before June 1st, 1905. We also hereby renew the mortgage agreement given to secure said note." The sole question before us is whether this acknowledgment, expressly referring to the first note, constitutes an admission in writing that the second note remained unpaid, within the provision of Code, section 3456, that " Causes of action founded on contract are revived by an admission in writing signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

The contention for appellant is that, as the law will apply payments to notes in the order of their maturity, in the absence of any express stipulation by the parties, the admission that the first note remained unpaid gave rise to a

1. Negotiable Instruments: limitation; reviver.

presumption that the second note described in the same mortgage and secured thereby also remained unpaid. But we see no force in this contention. The defendants were under no obligation to pay the notes, all of which were due at the time the admission was made, in the order of their maturity. So far as the admission is concerned, the second note may have been paid, or

the defendants may have intended not to pay it if the statute of limitations should be allowed to run as against it. The admission had no reference whatever to any other note than the one expressly described therein. An admission such as is required by the statute does not arise by mere implication. It must be express, clear, and direct, with reference to the indebtedness admitted. Parol evidence is competent to connect the admission with the indebtedness referred to therein, but not for the purpose of implying a promise to pay an indebtedness not therein referred to. *Kleis v. Mc-Grath,* 127 Iowa, 459; *Miller v. Beardsley,* 81 Iowa, 720; *Nelson v. Hanson,* 92 Iowa, 356. The reference to the mortgage contained in the admission as above set out relates only to the note described. There is no admission whatever that the other notes secured by the same mortgage remain unpaid.

Counsel for appellee suggests that the admission in his answer as to the amount of attorney's fee for which judgment might be rendered on his confession as to the first note, which had been renewed by the written acknowledg-

2. TAXATION OF COSTS: remittitur by appellate court.

ment, and the third note, which was not yet barred when action was brought, was by inadvertence for too large an amount, and asks that it be reduced to the extent of $16.33. But the attention of the lower court was not called to this error, and the defendants have not appealed. We have no authority, therefore, to order a remittitur as against appellant.

The judgment and decree of the trial court is *affirmed.*