EMIL WALLBER, APPELLANT, V. MARY JANE CALDWELL
ET AL., APPELLEES.

FILED JUNE 22, 1907. No. 14,882.

1. Limitation of Actions: DEBT, ACKNOWLEDGMENT OF. An acknowledgment of an indebtedness sufficient to toll the statute of limitations should be to the creditor or to some one authorized to represent him.

2. ————: ————. A conveyance of real estate subject to a mortgage indebtedness, where it does not appear that the grantee assumed the debt or retained any part of the consideration on account of such indebtedness, does not operate to stay the running of the statute of limitations.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. W. Wood* and *G. W. Shields,* for appellant.

*C. Patterson, contra.*

JACKSON, C.

The action is one to foreclose a real estate mortgage. The trial court sustained a general demurrer to the petition, and the plaintiff appeals.

The essential facts as pleaded are that on October 1, 1887, August Janson gave a mortgage on the land involved to secure an indebtedness of $525, payable October 1, 1892. The note secured by the mortgage provided for interest payable semiannually. Interest was paid until April 1, 1891, since that time no payment of either principal or interest is claimed. On September 7, 1900, August Janson conveyed the real estate to Mary Jane Caldwell. One recital of the deed is: "Subject to a mortgage of $525 made to the Farmers Trust Company." On November 14, 1904, Mary Jane Caldwell conveyed the premises to the defendant Oscar F. Farnam. The deed recited "Subject to mortgage." This action was commenced June 6, 1905, more than ten years after the maturity of the note secured by the mortgage and the payment of any part of the indebtedness secured thereby, so that the action to foreclose the mortgage was barred by the statute of limitations, unless there is something in the transactions between Janson, Mary Jane Caldwell and Farnam that would operate to toll the statute.

It is provided by section 22 of the code: "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise." It is the contention of the appellant that the recital in the deed from Janson to Caldwell amounts to an acknowledgment of the debt and operates to stay the running of the statute. The question has never been adjudicated by this court, and must be determined from the statute and legal principles involved. There is some con-

flict in the authorities as to what constitutes a sufficient acknowledgment of an indebtedness in order to take an action out of the statute of limitations, but the rule announced by Mr. Justice Brewer in *Sibert v. Wilder*, 16 Kan. 176, in construing a statute similar to our own, appeals strongly to our sense of justice. It was there held that an acknowledgment of a debt, to take the case out of the statute of limitations, must not be made to a mere stranger, but to the creditor or some one acting for or representing him. This rule was followed by the supreme court of the United States in *Fort Scott v. Hickman*, 112 U. S. 150. In the latter case it was held, further, that an acknowledgment cannot be regarded as an admission of indebtedness, where the accompanying circumstances are such as to repel that inference or to leave it in doubt whether the party intended to prolong the time of legal limitation. In *Nelson v. Becker*, 32 Neb. 99, this court quoted with approval from *Hanson v. Towle*, 19 Kan. 273, as follows: "A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an acknowledgment as is contemplated by the statute. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable." We are of the opinion that the allegation in the petition, under the authorities, is not sufficient to prevent the running of the statute.

Another contention of appellant is that the defendants acquired title subject to the mortgage and are now estopped from denying its validity. There are many circumstances under which this rule might be applied. Where one purchases real estate subject to a mortgage, and as a part of the consideration assumes and agrees to pay the mortgage debt, or where the amount of the incumbrance is shown to have been deducted from the purchase price, either in a personal transaction between private parties or in the course of a judicial sale where the pur-

chaser gets the benefit of the amount of an incumbrance deducted from the appraised value of the land, such purchasers are estopped from denying the validity of the lien; and it is doubtless true that, had the plaintiff instituted this action after the purchase of the premises by Mary Jane Caldwell, prior to the time the action was barred by the statute of limitations, she might have been estopped from asserting an invalidity of the mortgage, but that is not the question in the case. The plaintiff had a valid and subsisting right of action when Caldwell acquired the title. Can the defendants avail themselves of a defense subsequently accruing by reason of the statute of limitations? There seems to be no reason why they should not be permitted to do so. The allegations of the petition do not show that the purchaser of the real estate incumbered by the mortgage deducted the amount of the mortgage indebtedness from the purchase price, or that she assumed and agreed to pay it.

We conclude that the judgment of the district court was right and recommend that it be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.