JAMES DORAN, Appellant, v. PATRICK DORAN.

**Limitations of action:** REVIVAL: ADMISSION. In order to revive a cause of action once barred, it is only necessary that the admission of indebtedness appear with reasonable certainty to relate to the debt in question; and if such relation does reasonably appear it is for the debtor, insisting that the admission relates to some other indebtedness, to show its existence.

**Same:** ADMISSION MADE TO THIRD PERSON: EFFECT. An admission in writing, signed by the party to be charged, that a debt is unpaid need not be made to the creditor to operate as a revival of the debt; but a statement in a deed reciting that the conveyance is made subject to a certain mortgage executed by the grantor, on which there is a certain sum unpaid, will constitute a revival of the debt.

**Same:** WHO BOUND BY THE REVIVAL OF THE ACTION. Where a cause of action on a mortgage debt has been revived, as against the grantor of the premises conveying the same subject to the mortgage, the grantee in the deed can not insist on the defense of limitations; as the transaction amounts to an agreement that the land shall remain subject to the lien of the mortgage debt.

**Same:** EXTENT OF ADMISSION: INTEREST. The written admission of the existence of a debt in a certain sum, and accruing interest, will revive the debt only to the extent of such sum and interest from the last preceding date for computing the same.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 18, 1909.

ACTION in equity to have cancelled a mortgage in favor of defendant, appearing of record as against plaintiff's land, and to quiet plaintiff's title as against any lien or claim of defendant thereon by reason of such pretended mortgage. By cross-petition the defendant sought to have

said mortgage established and enforced as against the land. After a hearing on the merits, the relief asked by plaintiff was denied, and defendant was granted a decree for the foreclosure of his mortgage for a portion of the amount claimed. Both parties appeal, but, the appeal of plaintiff having been first perfected, he will be treated as appellant. —*Affirmed.*

*E. W. Cutting,* for appellant.

*N. Willett* and *A. Chapin,* for appellee.

McCLAIN, J.—The mortgage which plaintiff seeks to have canceled so far as it appears to be a lien on his land, and which defendant seeks to enforce as against said land by foreclosure, was executed in 1880 by James Doran, the father of plaintiff, and was given to secure the payment of $1,296 in three years with seven percent interest, payable annually, interest, if not paid when due, to draw interest at the same rate. In 1897 James Doran, the father, conveyed the land covered by the mortgage to this plaintiff by warranty deed, stating a consideration of $1,200, in which it was recited that "this conveyance is made subject to a mortgage executed grantor to Patrick upon which is unpaid $500 and accruing interest." This conveyance contained also the covenant that the premises "are free from all incumbrance except mortgages to Phelps and Doran." The ground now relied on for relieving plaintiff's land from the lien of the mortgage executed to defendant is that the indebtedness secured thereby is barred by the statute of limitations, as against which claim defendant pleads the recitals in the deed as constituting an admission in writing, "signed by the party to be charged, that the debt is unpaid," reviving the cause of action as provided in Code, section 3456.

I. As the mortgage of James Doran, Sr., to defend-

ant was recorded when executed and remained of record until this action was instituted, apparently unsatisfied, the court was justified in assuming that it was the mortgage to "Doran" which was excepted from the covenant in the deed against incumbrances, and, if the mortgage "to Patrick," subject to which the conveyance was made, was a mortgage to Patrick Doran (and as to the correctness of this assumption there is no question under the record), then we think it sufficiently appears that this was the mortgage excepted from the covenant. It is only necessary that the admission appear with reasonable certainty to relate to the debt in question, and, if such relation does reasonably appear, it is for the debtor insisting that the admission relates to some other indebtedness to show its existence. *Morrell v. Ferrier,* 7 Colo. 22 (1 Pac. 94); *Blackmore v. Neale,* 15 Colo. App. 49 (60 Pac. 952; 25 Cyc. 1334). And, as giving general support to this proposition, see *Stout v. Marshall,* 75 Iowa, 498; *Senninger v. Rowley,* 138 Iowa, 617.

*1. LIMITATION OF ACTION: revival: admission.*

But the principal contention of counsel for appellant is that the admission relied on by appellee was not made to him, but to plaintiff as grantee in a conveyance of the property, and that an admission, to be binding, must be to a party in interest or his representative or some one who is selected by the debtor as a channel through whom the admission is to be transmitted to the creditor, and that the grantee in a deed in which a mortgage on the premises is referred to is not such person. It must be borne in mind that we are now construing the express language of our statute, and that in such construction decisions in jurisdictions where there is no statutory provision on the subject, or where the language of the statute is different from ours, afford but an uncertain guidance. *Kleis v. McGrath,* 127 Iowa, 459. In England the doctrine of revivor by new

*2. SAME: admission made to third person: effect.*

promise or acknowledgment was recognized without statutory authority, and was supported on the ground that a new promise to pay an obligation barred by the statute was based upon a sufficient consideration. Buswell, Limitations, sections 37-49. Under this doctrine an acknowledgment was recognized as reviving the indebtedness only so far as it constituted by implication a new promise, and, of course, it was necessary that the acknowledgment be to the creditor or some one representing him or some one who was in privity with him as to the original contract and the consideration thereof. Later it was provided by the statute, commonly called "Lord Tenterden's Act," that no acknowledgment or promise should be sufficient evidence of a new or continuing contract to take a case out of the statute of limitations, unless in writing, signed by the party chargeable thereby; the object of this act being the prevention of fraud and perjury in proving a new acknowledgment or promise by rendering it necessary to prove in writing that which previously might have been shown by parol evidence, and it is said that; "The statute did not intend to change the legal construction of acknowledgments or promises made by the defendants, but only to require a different mode of proof." Buswell, Limitations, section 88. It is evident that in jurisdictions where the statutory provision is in effect a re-enactment of Lord Tenterden's act the written acknowledgment or new promise (for acknowledgment was treated as in effect a new promise) must be made to the debtor or some one standing for him or some one privy to the contract to be revived. The cases of *Sibert v. Wilder*, 16 Kan. 176 (22 Am. Rep. 280), *Bachman v. Roller*, 9 Baxt. (Tenn.) 409 (40 Am. Rep. 97), *Allen v. Collier*, 70 Mo. 138 (35 Am. Rep. 416), and *Wallber v. Caldwell*, 79 Neb. 418 (112 N. W. 584, 126 Am. St. Rep. 675), which support appellant's contention as to the necessity of the acknowledgment being made to one who is not a stranger to the original obliga-

tion, are thus readily explained, and they are in accordance with the weight of authority. See note to case of *Allen v. Collier,* 35 Am. Rep. 416; 25 Cyc. 1362; 19 Am. & E. Enc. (2d Ed.) 316. The statutory provision on this subject found in our Code of 1851 (section 1670) seems not to have been founded on Lord Tenterden's act, for it employs the word "admission," instead of "acknowledgment," and it does not contain the requirement that the admission or new promise be in writing. To this section is added in Revision 1860, section 2751, the requirement that the admission or new promise must be in writing, signed by the party to be charged thereby, and in this form the section has been retained in the Code of 1873 (section 2539), and in the present Code (section 3456).

We have, therefore, a statute differing in terms and evidently in purpose from those statutes construed in the authorities above referred to. While this particular distinction has not been emphasized in our previous cases, and the question as to whether the admission sufficient under the statute must be made to the creditor or some one representing him or in privity with him and not a stranger has not been expressly passed upon, there are expressions in the previous decisions of this court indicating that the construction of statutes referring to an acknowledgment, practically equivalent to a new promise, are not controlling in the construction to be given to the word "admission" which is used in our statute. In *Collins v. Bane,* 34 Iowa, 385, 389, the point is mooted, but no view is expressed; while in *Mahon v. Cooley,* 36 Iowa, 479, it is said that under the statute as it now stands an admission alone is sufficient without a new promise, and that such admission "is not regarded as a contract, but is merely a written declaration that the debt is not paid. It is not necessary that the name of the party to whom it is made should appear therein. The object of the law is to secure written evidence attested by the signature of the debtor that the

debt is not paid. This is accomplished by the written admission, although it does not show to whom it is made." Here, again, the court declines to inquire whether, if such a written admission is given to a stranger, it would be binding, but the view expressed in the language quoted strongly indicates the inclination of the court to hold that any written admission competent as an instrument of evidence would be sufficient. In *Palmer v. Butler,* 36 Iowa, 576, the court again refers to the subject, but holds that the person to whom the written admission was made was not a stranger to the contract.

Bearing in mind the sense in which the term "acknowledgment" was originally used before there was any statute on the subject, and in which it has been used in statutory provisions requiring the acknowledgment to be in writing, it is evident that the term "admission," used in our statute, is not to be restricted within the same limits. A written admission is a statement suggesting an inference as to any fact in issue or relevant to any such fact, and it is admissible in evidence if made against his own interest by an adverse party or one in privity with him, as his grantor, or by an agent or attorney. Jones, Evidence (2d Ed.) section 235 *et seq.* Admissions by a third person, a stranger to the suit, may be received in evidence where the issue is substantially upon the rights of such person at a particular time. Bouvier, Law Dictionary (15th Ed.) 124. In short, the term relates to a statement presumably against the interest of the party making it and its admissibility is determined by the rules of evidence; and our statute makes an admission in writing by the debtor competent evidence to establish the revival of a contractual indebtedness as against the plea of the statute of limitations. There is no indication of an intention that such evidence shall be excluded if the admission is not made to the creditor himself or some one representing him or in privity with him, but to a stranger to the contract.

The conclusion that our statute should be considered simply as providing a form of evidence removing the bar of the statute of limitations rather than as requiring something equivalent to a new promise to pay is sustained in principle by a number of cases in which it is held that the admission or acknowledgment is effectual if established by proper evidence, although made to an entire stranger to the contract sought to be enforced. *Stewart v. Garrett,* 65 Md. 392 (5 Atl. 324), and notes to the same case in 57 Am. Rep. 333, where numerous cases are collected. See, also, to the same effect, *McCrea v. Purmort,* 16 Wend. (N. Y.) 460 (30 Am. Dec. 103); *Peavey v. Brown,* 22 Me. 100; *Erwin v. Lowry,* 2 La. Ann. 314 (46 Am. Dec. 545); *Emerson v. C. Aultman & Co.,* 69 Md. 125 (14 Atl. 671).

The written admission contemplated by the statute seems to be analogous to the memorandum in writing generally required under the statute of frauds as enacted in different states to establish a sale of goods or merchandise when the goods have not been delivered, and no part of the price has been paid. It is well settled that such a memorandum need not be in form or effect a written contract, and that it is required only as furnishing the essential evidence of the contract of sale as against the party to be charged. Such a memorandum need not be delivered to the opposite party nor his agent nor a person in privity with him, but it is sufficient if it is signed and in any way promulgated so as to become an instrument of evidence. A sufficient memorandum of the terms of the sale made in a letter from the person to be charged to a third person is sufficient. *Gibson v. Holland,* L. R. 1 C. P. 1; *Moss v. Atkinson,* 44 Cal. 3; *Moore v. Mountcastle,* 61 Mo. 424; *Kleeman v. Collins,* 9 Bush (Ky.) 460; *Cunningham v. Williams,* 43 Mo. App. 629; *Lee v. Cherry,* 85 Tenn. 707 (4 S. W. 835, 4 Am. St. Rep. 800). The memorandum in such cases seems to be treated simply as

a written admission of the making of the contract of sale, and, if sufficiently specific as to the terms of the contract and signed and promulgated by the party to be charged as his voluntary declaration, is receivable as against him.

II.    The case before us well illustrates the propriety of the rule above stated as applied to a transaction like this.    The conveyance in which the mortgage to defend-

3. SAME: who bound by the revival of the action.

ant was recognized was made after the ten-year period of limitations had run as against the indebtedness secured by the mortgage to defendant, and the plaintiff accepted such conveyance subject to said mortgage on which $500 was stated to be still unpaid.    The amount thus stated is presumed to have been deducted from the purchase price, and the plaintiff taking the property with such recital, can not now insist that the land shall not be subjected to the payment of that debt.    *Foy v. Armstrong,* 113 Iowa, 629; *Wallber v. Caldwell,* 79 Neb. 418 (112 N. W. 584, 126 Am. St. Rep. 675); *Daniels v. Johnson,* 129 Cal. 415 (61 Pac. 1107, 79 Am. St. Rep. 123); *Hahl v. Ellwood,* 34 Tex. Civ. App. 642 (79 S. W. 829); *Carson v. Cochran,* 52 Minn. 67 (53 N. W. 1130).    Whatever might be the right of the grantee taking the property subject to a mortgage indebtedness not yet barred to subsequently insist on the defense of the statute of limitations when the debt has become barred as between the grantor and the mortgagee, certainly he can not insist on the bar of the statute as to a mortgage indebtedness of that character which has already become barred and subsequently revived prior to or at the time of the conveyance by a written admission or new promise made by his grantor, for the transaction amounts in effect to an express agreement that the land shall remain subject to the lien of the mortgage for the indebtedness thus revived.

III.    Defendant's appeal is from the action of the court in allowing the enforcement of his mortgage only

to the extent of $500, with interest thereon from the last preceding date for the computation of annual interest. But defendant should be limited in his recovery to the amount admitted irrespective of the amount actually due. *Nelson v. Hanson,* 92 Iowa, 356; *Finn v. Seegmiller,* 134 Iowa, 15. The admission was of $500 unpaid "and accruing interest," and this was properly interpreted as including annual interest from the last preceding date for the computation of interest which was made payable annually. The interest after that date was by the terms of the mortgage accruing interest, while any interest due prior to that date was interest which had already accrued, and was due as a distinct and independent item of indebtedness. *Gross v. Partenheimer,* 159 Pa. 556 (28 Atl. 370). To give the admission any effect with reference to liability for interest accrued prior to the last interest paying date would render it wholly indefinite, for it would be impossible to determine what interest should be included. It is not pretended that there was at any time prior to the last interest bearing date any specific sum of $500, whether of principal or interest, due and payable.

*4. SAME: extent of admission: interest.*

The decree of the trial court is as to each appeal *affirmed.*