FIRST NATIONAL BANK OF STORM LAKE v. HARWICK, GARNISHEE.

1. **New Trial** : ABSENCE OF COUNSEL : ACCIDENT : DISCRETION OF COURT. When this cause came on for trial, defendant's counsel was engaged in an important criminal cause in a distant county, though he had, twenty-five days before, been subpœnaed by plaintiff as a witness in this case, and his fees paid. He, therefore, committed this case to another attorney, who lived in the same city with himself, and who undertook to be present and attend to the case for defendant. He failed, however, to arrive until after trial and judgment against defendant, which was on the second day of the term. It was not a physical impossibility for him to have been present at the time of the trial. But *held* that the court, upon a motion for a new trial, had a right to take judicial notice of the state of the weather and of the condition of the docket, in determining whether he was negligent or not, and that, exercising the usual presumption in favor of the lower court in such cases, an order sustaining the motion for a new trial could not be disturbed on appeal.

2. ——— : SHOWING OF MERITS : ANSWER OF GARNISHEE. Where judgment has been rendered against a garnishee in his absence, upon his answer, which is on file in the case, a new trial may be granted without any other showing of merits than is made by such answer.

*Appeal from Sac Circuit Court.*

FILED, MARCH 12, 1888.

THIS is an appeal by the plaintiff from an order setting aside a judgment against the garnishee, and granting a new trial.

*Robinson & Milchrist,* for appellant.

*A. E. Clarke* and *Theo. Hawley,* for appellee.

REED, J.—The garnishee was garnished on execution as a supposed debtor of T. J. Harwick. He appeared at the next term of the court, and his answers were taken in open court, in which he denied that he was in any manner indebted to the defendant, or that he had any property in his possession belonging to him. Plaintiff filed a pleading controverting the answers, and the cause was continued. The issue was as to whether a certain draft belonging to the defendant, but which was payable to the order of the garnishee, and which in his answer he admitted was at one time in his possession, was in his hands after the notice of garnishment was served upon him. At the next term of the court, which was in April, 1886, plaintiff filed a motion for a continuance on the ground of the absence of A. E. Clarke, who, he alleged, was a material witness in his behalf. Mr. Clarke resided at Fort Dodge, and was attorney for garnishee, but was prevented by the sickness of a member of his family from attending that term of court. Mr. Hawley, also of the Fort Dodge bar, appeared for the garnishee in the cause, at Mr. Clarke's request, and resisted the motion, but the continuance was granted. At the next term of court the cause was taken up for trial on the afternoon of the second day of the term, but neither the garnishee nor his counsel was present. Plaintiff introduced his evidence, and, on the showing made, a judgment was rendered against the

1. NEW trial: absence of counsel: accident: discretion of court.

garnishee for §879.63, and the costs of the proceeding. On the same day, however, Mr. Hawley appeared for the garnishee, and filed a motion to set aside the judgment, and grant a new trial, on the grounds ( 1 ) that the cause was irregularly taken up out of its order, and tried ; and ( 2 ) that the garnishee was prevented, by accident and surprise, from appearing and defending. The evidence in support and resistance of the motion was submitted by affidavits, and on the hearing the court overruled the first and sustained the second ground of the motion.

The evidence in support of the motion shows that the district court was in session in Humboldt county at the same time, and Mr. Clarke was engaged in an important criminal cause in that court. He requested Mr. Hawley to go to Sac county, and give attention to this case. Mr. Hawley's professional engagements were such, however, that he was not able to leave Fort Dodge on the first day of the term. On the next day he went to the county-seat of Sac county, going by the most direct route by rail ; but he reached there after the judgment was rendered. By going another route, however, he could have reached there in time to have been there before the case was taken up, but by that route he would have been compelled to travel some fifteen miles by stage. There were fifty-six cases on the docket ahead of this one, some of which were trial causes, but the parties were not yet ready for trial when this case was taken up. A subpœna was served upon Mr. Clarke, requiring him to attend and give evidence on behalf of plaintiff, and his fees paid him. The subpœna required him to attend on the second day of the term, and the service was made twenty-five days before that. The proceeding was had under subdivision three, section 2837, of the Code, which makes "accident or surprise which ordinary prudence could not have guarded against" a cause for granting a new trial. We think we would not be warranted in disturbing the order appealed from. The court, we think, was warranted in

finding that the failure of the attorney for the garnishee to be in attendance when the case was taken up was accidental, and that ordinary prudence was exercised to guard against it. When Clarke employed Mr. Hawley to go to Sac county, and give attention to the cause at that term, he did all that ordinary prudence required, or at least the court may well have so found. We do not regard the fact that he disregarded the subpœna as material to this inquiry. He would have been answerable to plaintiff, perhaps, in damages, for his failure to attend in obedience to the subpœna; and it may be that the court could have punished him for contempt. But the question here is whether he acted with "ordinary prudence" with reference to the defense of the action When an attorney is unable from any cause to give attention to the business of his client which has been entrusted to him, he may lawfully place it in the hands of other competent counsel. And when he has done that, and placed the counsel so selected in possession of all the facts known to him, or essential to the proper discharge of the duty devolving on him, and received his undertaking to attend at the proper time for the transaction of the business, he has done what ordinary prudence demands. The court may also have found from the evidence that Mr. Hawley exercised ordinary prudence to be in attendance at the proper time. True, it was a physical possibility for him to have reached there at an earlier hour. But the question does not necessarily depend upon whether he did all that was physically possible. And there were matters not shown by the evidence of which the court might take notice in determining the question; such as the state of the weather, and the apparent condition of the docket. If the weather was inclement, and the condition of the docket did not indicate a necessity for his presence at an earlier hour than that at which he arrived, he certainly was not negligent in selecting the all-rail route of travel, rather than the other. We will presume, in favor of the correctness of the ruling below, that the facts with reference to these matters were

material, and were considered by the court in determining the motion.

It was contended by appellant, however, that the motion should have been overruled for the reason that no showing was made that the garnishee had any defense. True, no showing on that subject was made, either in the motion or by the evidence in support of it; but the garnishee had been examined in open court at the former term, touching his indebtedness to the defendant, and his examination was of record in the case. The court knew from that the nature of his claim, and was authorized to consider it in determining the question.

*2. ——: showing of merits: answer of garnishee.*

The order appealed from will be

AFFIRMED.

ROBINSON, J., having been of counsel, took no part in the determination of the case.