L. F. STREBLOW et al., Appellees, v. T. B. SYLVESTER et al., Appellants.

**EVIDENCE:** **Similar Facts and Transactions—Fraudulent Actions.** On the issue whether a rent claim had been paid, evidence is inadmissible that plaintiff had, on former occasions, brought against various parties actions of a wholly dissimilar nature, upon claims on which nothing was due, because of payment.

**WITNESSES:** **Impeachment—Foundation Unnecessary.** The admissions and declarations of a party to the record which are incon-

sistent with the admissions or declarations of such party as a witness are admissible even if a foundation has not been laid for impeachment.

**EVIDENCE:** Declarations—Self-Serving Declarations. Self-serving
3 declarations by a party are inadmissible.

**TRIAL:** Instructions—Nonmisleading Instruction. Error may not be
4 predicated on an instruction which the record affirmatively shows did not have the effect claimed by complainant.

*Appeal from Wapello District Court.*—FRANCIS M. HUNTER,
Judge.

FEBRUARY 6, 1923.

ACTION by a landlord for rent, aided by attachment. Verdict and judgment for plaintiffs. Defendants appeal.—*Affirmed.*

*Gillies & Daugherty,* for appellants.

*A. W. Enoch* and *Roberts & Simmer,* for appellees.

STEVENS, J.—Appellants occupied a farm belonging to appellee Adelia Streblow, as tenants, for several successive years, including 1921, paying an annual rental of $1,500: $500 March 1st, $500 September 1st, and $500 December 1st, in each year. This appeal is from a judgment in two actions, consolidated for the purpose of the trial: one for $200, claimed to be due as a balance on the rent for 1920, and one for $1,500, for 1921. Appellants admitted the tenancy for both years, and set up a joint plea of payment.

I. By way of amendment to their answer, appellants alleged that these actions were commenced as a part and in pursuance of a general wicked scheme to blackmail and extort money from them, and that same is the result of a conspiracy between appellees for that purpose. These allegations of the amendment to appellants' answer were stricken, on motion of appellees. Upon the trial, appellants offered to prove that ap-

1. EVIDENCE: similar facts and transactions: fraudulent actions.

pellees had commenced actions against different parties upon claims and notes that had been previously paid. The offer of this testimony, upon objection of counsel for appellees, was rejected. Error is alleged in the ruling of the court upon the motion to strike, and in the exclusion of the offered testimony. Both actions, as stated, are for rent; whereas the offered evidence was of wholly unrelated transactions, of an entirely different character. The rule announced in *Henderson v. Ball,* 193 Iowa 812, that similar acts of the defendant in dealing with others at or about the time, involving transactions of the same general character, are admissible in evidence where fraud is charged as bearing upon the question of intent, is not applicable here. The fact that appellees had unsuccessfully prosecuted actions of a wholly dissimilar character against others at different times could have no bearing upon their good faith in the prosecution of these actions for rent. The ruling of the court was right.

II. Both appellants testified that $700 of the 1921 rent was paid to L. F. Streblow on July 11, 1921, in $100 bills. Fred Miller and Otto Bandel, called by appellees, were permitted to

2. WITNESSES: impeachment: foundation unnecessary.

testify that T. B. Sylvester said in their presence that this payment was made in bonds. Objection was interposed to the testimony of these witnesses, upon the ground that no proper foundation had been laid for impeachment. The objections were properly overruled. Sylvester was a party to the record, and his admissions and declarations were admissible without a foundation's being laid for impeachment. *Conway v. Nicol,* 34 Iowa 533; *Browning v. Gosnell,* 91 Iowa 448.

III. Appellants thereafter offered to prove by various witnesses that Sylvester, on other occasions, had explained that, in using the word "bonds," he meant greenbacks, government

3. EVIDENCE: declarations: self-serving declarations.

notes, or bank money. The testimony of these witnesses did not refer to any of the occasions or conversations mentioned by Miller or Bandel. The offered testimony was rejected. Sylvester admitted that he may have stated to the witnesses that the $700 payment was made in bonds, but explained that, by the use of that term, he meant "paper money," "bonds," "U. S.," or "long greens."

The court, in excluding the rejected testimony, ruled correctly. The alleged statements of Sylvester were clearly in the nature of self-serving declarations. He was permitted, as stated, to explain that he did not mean government bonds, but some form of paper money. Both Miller and Bandel admitted that appellees used the word "bonds" without qualification, and without designating the kind of bonds used in making the payment. Appellants also introduced the testimony of a witness that appellee L. F. Streblow said that he received some bonds in part payment of the rent. The evidence offered was not admissible under the exception to the general rule recognized in *Spaulding v. Laybourn*, 164 Iowa 277: that is, that, where evidence is offered by one party to discredit the testimony of the other, and as tending to show that it was an afterthought, or manufactured for the occasion, the party assailed may offer evidence of similar statements made at about the time of the transaction, for the purpose of meeting the impeaching testimony.

Other errors of the court in ruling upon offers of testimony are assigned, but they are without merit, and do not call for discussion.

IV. The court, in Instruction No. 11, defined the term "rental payments," as used in the leases between the parties and in the testimony of the witnesses, as contemplating payments in cash. This instruction was excepted to on the ground that it tended to mislead the jury as to payments of rent that were made by check, in grain, or in labor. The exception is without merit. The verdict in favor of plaintiffs was for $700. The jury evidently found in favor of appellants upon every item, except the alleged July, 1921, $700 payment. Credit was, therefore, allowed for all payments made by check, in grain, or in labor.

4. TRIAL: instructions: nonmisleading instruction.

We find no reversible error in the record, and the judgment of the court below is—*Affirmed*.

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.