MARIAN FORDYCE and JAMES A. FORDYCE, appellants, v. WESLEY CAPPEL, appellee.

No. 51550.

(Reported in 133 N.W.2d 664)

MARCH 9, 1965.

REHEARING DENIED MAY 4, 1965.

Pattee & Lemon, of Independence, for appellants.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellee.

HAYS, J.—This is an action for damages for injuries sustained in a collision between a car owned and being driven by defendant and a car in which plaintiffs were riding as passengers and being driven by a Mr. Carl Fricke. There was a verdict for defendant. Plaintiffs filed a motion for a new trial which the trial court overruled and they appeal. Three errors are assigned as a basis for a reversal. They are:

(1) Trial court erred in overruling plaintiffs' motion for a new trial based upon alleged irregularity in the proceedings of court officials and the jury contrary to rule 199, Rules of Civil Procedure.

(2) Trial court erred in overruling plaintiffs' motion for a new trial based upon misconduct of the jury.

(3) Court erred in overruling plaintiffs' motion for a new trial based upon the ground the verdict does not effectuate substantial justice.

I. The entire record consists chiefly of affidavits of jurors, court officials and others as to what took place during the jurors' deliberation: It appears without contradiction that while the jurors were at dinner in charge of the acting bailiff, some of them sat at the same table with the acting bailiff. During this time there was a general conversation carried on by the jurors and the acting bailiff although it appears by affidavit that nothing relating to the case then under deliberation by the jurors was discussed. This it is claimed is a violation of rule 199, R. C. P., and is clearly misconduct. It may be conceded that such constituted misconduct as being in violation of rule 199. This rule provides in part: "(b) On final submission, the jury shall retire for deliberation, and be kept together in charge of an officer until they agree on a verdict or are discharged by the court. Such officer must not suffer any communication to be made to them, nor make any himself, except to ask them if they have agreed on a verdict, unless by order of court; nor communicate to any person the state of their deliberations, or the verdict agreed upon before it is rendered."

The general conversation may have been a technical violation of this rule and perhaps misconduct upon the part of both the jurors and the acting bailiff. In determining these questions relative to jury misconduct, there is no presumption that a misconduct in and of itself gives rise to a need for a new trial. In fact this court has said, relative to such matters, "In order to justify a new trial on the basis of misconduct of jurors it must appear the misconduct was calculated to, and it is reasonably probable did, influence the verdict." Mongar v. Barnard, 248 Iowa 899, 908, 82 N.W.2d 765.

In the instant case nothing appears except that there was misconduct but nothing to which the above cited rule may be applicable in the absence of some showing as to what the conversations were. To hold otherwise is to merely surmise or by conjecture assume that any type of conversation, such as passing the time of day, would invalidate a verdict, in which case few if any verdicts could survive such a rigid test.

There is nothing in the assigned error upon which the trial court could with any sound basis therefor say that a new trial should be granted. There is a certain duty to a court by a movant to produce some proof upon which a court might act. This duty was entirely overlooked and insofar as this assigned error is concerned we find no error.

II. Error is also assigned in overruling plaintiffs' motion for a new trial on alleged misconduct of jurors in that it appears by affidavit that while in their deliberations the question of insurance was discussed. This insurance was of two types, liability insurance carried by the driver of car in which plaintiffs were riding and also hospital insurance carried on plaintiffs by the company they worked for.

The question of reference to insurance was formerly deemed to be fatal to a verdict under such situations. Such reference is now recognized as being to a matter of almost common knowledge that insurance is usually found in every car-collision case and only where it clearly appears that such reference prejudiced the verdict will a new trial be granted on this ground. Tharp v. Rees, 224 Iowa 962, 277 N.W. 758; Bashford

v. Slater, 250 Iowa 857, 96 N.W.2d 904. Nothing of this sort appears in the record and we find no error.

■ III. Error is assigned due to the overruling of the motion for a new trial based upon a claim of misconduct of the jurors. It is here claimed that certain jurors during the trial visited the scene of the collision for the purpose of seeing if the driver of plaintiffs' car could have seen as he testified he did. It appears that the jurors merely drove by and looked while so driving. In support of this contention great stress is placed on the case of Skinner v. Cron, 206 Iowa 338, 220 N.W. 341, in which we held in a case where the facts were somewhat similar that prejudice resulted and a new trial should be granted.

However the facts in the instant case appear to be of a different type from those in the cited case. There the jurors not only visited the scene of the collision but took measurements and went into a great deal more detail than in the instant case which consisted merely of driving by and looking. Neither does it appear clearly as to how much such views were discussed by the jurors and from the whole record we think the facts are so different as to require a holding that the Skinner case is not applicable and that no prejudice is shown such as would uphold a granting of a new trial on this ground alone. A similar situation appears to have occasioned the decision in Mead v. Scott, 256 Iowa 1285, 130 N.W.2d 641. We find no error in the overruling of said motion and the judgment of the trial court is affirmed.— Affirmed.

All JUSTICES concur.