Tony Schroedl et ux., appellants, v. Leo V. McTague et ux., appellees.

No. 52214.

SEPTEMBER 20, 1966.

REHEARING DENIED OCTOBER 18, 1966.

James Furey, of Carroll, for appellants.

Page & Nash, of Denison, for appellees.

LARSON, J.—This is the second appeal in this matter. The first trial resulted in a directed verdict for defendants. We reversed and remanded the case when it appeared certain material evidence of admissions on the question of revival of an otherwise barred debt, due to limitations, was rejected by the court. See Schroedl v. McTague, 256 Iowa 772, 129 N.W.2d 19, filed June 9, 1964. We tried in that opinion to give some helpful directions to the trial court on probable issues in the next trial.

In any event on July 22, 1964, plaintiffs filed a motion for summary judgment. This motion was overruled and the cause again proceeded to trial before a jury. On September 2, 1965, a verdict for plaintiffs was returned in the sum of $16,730.11. Thereafter defendants' motion for judgment notwithstanding the verdict was overruled. However, their motion for a new trial was granted, and plaintiffs appeal.

Plaintiffs urge three principal grounds for reversal: (1) That the court erred in overruling their motion for directed verdict, for judgment on the pleadings, and for summary judgment; (2) that it erred in sustaining defendants' motion for a new trial; and (3) that it erred in permitting defendant Leo V. McTague to testify that certain tax return entries referred to "dividends." Appellees seek to sustain the grant of a new trial on the grounds (1) that they were unduly restricted in

their effort to offer testimony which would show certain income tax return entries did not relate to the note being sued on, and (2) that on the whole they did not have a fair trial.

This action was commenced against defendants on October 5, 1961, seeking judgment on a promissory note alleged to have been signed and delivered to plaintiffs on January 25, 1947. This one-year note was in the principal sum of $10,000 with several years accrued interest. The defendants' answer, among other things, raised the statute of limitations, section 614.1(6), Code 1962. In their petition as amended, the plaintiffs seek to avoid the statute by allegations that defendants had, within ten years prior to the commencement of this action, admitted in writing the indebtedness upon which the claim was based, that these admissions were by federal and state income tax returns, depositions, and other writings. Section 614.11, Code 1962.

Plaintiffs' motion for summary judgment and attached affidavit, duly verified, set forth copies of the defendants' federal and state income tax returns for the years 1952–1955, excerpts from a deposition of April 12, 1962, given by Mr. McTague allegedly containing admissions, and a statement that no defense exists to their claim on the note.

On August 3, 1964, defendants filed an application for additional time within which to file resistance to plaintiffs' motion for summary judgment, which was granted over the objections of plaintiffs that its filing was not timely. Later that day defendants filed their resistance and attached an affidavit of one of the defendants in this action. It alleged, in substance, this court had already determined that this cause involved fact questions. It stated defendants had a good defense to the action as set out in the pleadings, i.e., that the action was barred by the statute, that they had a good counterclaim, and that the parties were engaged in a theater joint enterprise and plaintiffs' contribution of $10,000 was acknowledged substantially in the form of the note sued upon by plaintiffs. In other words, the interest payments set out in the income tax returns were not acknowledgments of the debt sued upon so as to revive the note otherwise barred by the statute, but were for another obligation. The trial court denied the motion for summary judgment and,

pursuant to some other applications and rulings not material to this appeal, the cause proceeded to trial on August 31, 1965.

Before the jury was selected, plaintiffs presented and the trial court granted their motion in limine, which precluded defendants and their counsel from using any "pleading, testimony, questions, opening statement or arguments which might inform the jury" that "the promissory note sued upon is anything other than what it purports to be," and of "the existence of an alleged joint venture between the parties." Later the court relented and permitted Mr. McTague to answer one question relative to the entries on the income tax returns, a vital issue presented in this appeal.

We shall first consider appellants' contention that the court erred in overruling their motion for summary judgment.

I. Appellants contend a resistance to a motion for summary judgment not filed within ten days from the date of filing the motion is entitled to no consideration. They cite rule 238, Rules of Civil Procedure; Kriv v. Northwestern Securities Co., 237 Iowa 1189, 24 N.W.2d 751, and Mack v. Linge, 254 Iowa 963, 119 N.W.2d 897. These cases do not support that broad proposition.

Rule 238 in part provides: "Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time after defendant appears * * *. The clerk shall mail or deliver the copy of the motion as required in rule 82. Judgment *shall* be entered as prayed in the motion *unless* within ten days after it is filed, *or* such other time as the court *may,* for good cause, *allow,* the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend. * * *." (Emphasis supplied.)

While the rule uses the mandatory word "shall", it also uses the word "unless" and the discretionary word "may", in allowing further time to file resistance if good cause has been shown.

In Kriv v. Northwestern Securities Co., supra, defendant filed a motion for summary judgment on a cross-petition, which motion was heard 23 days after filing. No resistance had been filed until the day after the hearing, but apparently the appli-

cant sought no relief in the trial court because of the delay in filing a resistance. No extension of time for filing appeared and, since the trial court in sustaining the motion did not decide it upon the lateness issue, we declined to consider the question. It is true, however, we said, "Perhaps the court might have entered judgment as prayed in the motion because plaintiff failed to file resistance within ten days," but we did not say it was compelled to do so or that it could not then for good cause shown extend the time to file a resistance. We do not consider this rule a default provision which would give the resister no rights after the ten days had expired. Until the motion for summary judgment is heard or the affidavit of the resister is stricken, we think the court, for good cause shown, can extend the time to file a proper resistance.

This must be so, for even if judgment was entered, the court for a reasonable time has the power to set it aside on a proper showing. For example, see rule 236, Iowa Rules of Civil Procedure, Volume 2, by Cook, and citations on pages 667, 668.

In Mack v. Linge, supra, 254 Iowa 963, 966, 119 N.W.2d 897, the only other Iowa case we have found touching on this problem, there were two affidavits filed in support of a resistance to a motion for summary judgment. The second one, executed by the litigant, was clearly beyond the ten-day period found in rule 238, but the one executed by her attorney within that period was held sufficient to reveal a factual situation justifying the denial of the motion, clearly avoiding the question of timely filing by the litigant. In fact, we said, "We have not heretofore been called upon to determine the force and effect of the clause in rule 238 to the effect that 'unless within ten days * * * defendant resists it with affidavits.' We do not think we are so confronted now."

Perhaps, then, this is a case of first impression on that question, but from those cases it is clear we have been and are reluctant to hold a trial court, prior to granting a summary judgment, cannot permit a resistance by affidavit even after the ten days provided in the rule pass if good cause for the delay is shown. We hold it may do so. As bearing upon this question,

see Hartford Fire Ins. Co. v. Lefler, 257 Iowa 796, 807, 135 N.W.2d 88, 94, and citations, pertaining to rule 177, Rules of Civil Procedure, on failure to make timely demand for a jury.

Here the good cause alleged was that the courthouse in Denison was closed on Saturday, the tenth day after filing, and that defendants believed they had until the following Monday to file their resistance. They point to rule 366, R.C.P., and to section 4.1(23) of the Code as a basis for their claim that Saturday was a holiday in Denison, Iowa, and that when the last day for an appearance falls on a holiday, one has until the end of the next succeeding day that is not a Sunday or a holiday to appear and file a resistance to the motion.

Without deciding which of these time computation provisions applies here, we are satisfied the trial court did not abuse its discretion when it extended the time for defendants' filing of their resistance until August 3, 1964. It was aware that on August 1, 1964, the office of the clerk of court in the courthouse in Denison was closed. No hardship or disadvantage to plaintiffs was claimed by that ruling and none appears in this record. We are satisfied under the rule the court had authority to grant this very reasonable time extension, and hold it did not err in providing a hearing on the motion for summary judgment and in giving consideration to defendants' resistance thereto.

II. Rule 237, Rules of Civil Procedure, provides under what conditions a summary judgment might be entered in an action upon a claim such as we have before us. The purpose of this rule, we have often said, is to screen out cases in which there is no defense, or only a sham defense. It is not to penalize any litigant who has a meritorious defense. Eaton v. Downey, 254 Iowa 573, 577, 118 N.W.2d 583, and citations. Also see article by Alan Loth, Trial and Judgment, 29 Iowa Law Review 35–45; 41 Am. Jur., Pleading, section 340, pages 523, 524.

[6] The sufficiency of a resistance to motion for summary judgment has often been considered by us. It is well settled that there must be some showing, either by evidentiary facts or permissible conclusions, that there is a factual issue which, if decided in favor of the defendant, would be a good defense. International Milling Co. v. Gisch, 256 Iowa 949, 129 N.W.2d

646; Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 119 N.W. 2d 801; Robinson v. Fort Dodge Limestone Co., 252 Iowa 270, 277, 106 N.W.2d 579, and citations; Eaton v. Downey and Mack v. Linge, both supra.

The trial court found defendants had complied with that rule and had shown the existence of a material fact dispute. "It revolves around plaintiffs' counterdefense to the Statute of Limitations." References made to our previous opinion in this controversy indicated the trial court felt we also had found a material factual dispute was shown to exist, reasoning that otherwise we would not have remanded the matter for a new trial. It is true in the prior appeal we found one of the issues presented was whether plaintiffs' evidence as to the income tax returns was sufficient to sustain an admission finding under section 614.11, Code 1962. We definitely held that and other extrinsic evidence presented did generate a jury question on whether they had overcome the statute bar; at least it was sufficient to require submission of that issue to the jury.

Section 614.11, supra, provides: "Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same." This statute is an old one and it has received consideration by us many times. Koht v. Dean, 220 Iowa 86, 89, 92, 261 N.W. 491, 494; Barton v. Boland, 224 Iowa 1215, 1218, 1219, 279 N.W. 87, 88; McClure v. Smeltzer, 222 Iowa 732, 736, 269 N.W. 888, 890.

They hold it is sufficient if the writing upon which an admission is based, by the natural and necessary inference, admits an indebtedness is unpaid, and the fact that the writing relates to the indebtedness sued on may be established by extrinsic evidence. True, in our previous decision in Schroedl, we said the income tax returns which showed under interest paid "Tony Schroedl $400", established an admission which with reasonable certainty related to the debt in issue. We then held it was for the jury to say finally whether they did so relate. It seems that issue alone would require a decision by a fact finder.

Nevertheless, plaintiffs contend it is defendants' obligation to show facts in their resistance and affidavit which, if

decided in their favor, would constitute a good defense, that they cannot win on the weakness of plaintiffs' case, but must survive only upon the strength of their own showing. Regardless of the soundness of that proposition, we believe they have done so. By their pleadings and resistance defendants purport to show a joint venture, a payment of dividends to plaintiffs during the years 1952–1955 which appear in the income tax returns as interest. If proven, the inference that those payments were interest on the note sued upon would be overcome, and plaintiffs' claim of an admission which would revive the note barred by the statute of limitations would be contradicted. If permitted, this would generate a factual issue which, if decided in defendants' favor, would be a good defense to the action.

The situation then, prior to trial, appears to be somewhat like that in Doran v. Doran, 145 Iowa 122, 124, 123 N.W. 996, 25 L. R. A., N.S., 805, where we said: "It is only necessary that the admission appear with reasonable certainty to relate to the debt in question, and, if such relation does reasonably appear, *it is for the debtor insisting that the admission relates to some other indebtedness to show its existence.*" (Emphasis supplied.)

In the former Schroedl case, supra, at page 778 of 256 Iowa, we said these tax returns "sufficiently acknowledged an existing indebtedness which could be identified by extrinsic evidence, * * *. They should have been admitted in evidence, and it was then for the defendants to deny their relation to the note sued upon, if such denial was available to them." This defendants attempted to do and we are satisfied under the pleadings as amended and their affidavits, their showing was sufficient to raise a jury question as to whether defendants had in writing admitted the debt now sued upon.

Plaintiffs have confined their argument in the first assignment to the motion for summary judgment, which basically covers the other two motions. We have carefully reviewed plaintiffs' first assignment in full and find no error in the court's rulings upon those motions.

III. Plaintiffs' motion for directed verdict at the close of all evidence also involves questions relating to the sufficiency of

their evidence and the adequacy of defendants' testimony under the pleadings. The principal issue raised in this division is whether the items listed on defendants' 1952-1955 income tax returns were interest on the note in suit or some other or different obligation. Plaintiffs produced testimony that it was on the note. The $400 recited on the returns in Exhibits 2 to 9 would appear to match the interest due each year on $10,000 at four percent. It is urged the defendant McTague admitted in a pretrial deposition that the deductions set out on income tax returns were interest on this note in suit. It did appear therein that McTague admitted the entries on defendants' income tax returns were interest paid the various parties mentioned, including Tony Schroedl, and that they represented interest for money borrowed on notes.

Defendants, aware of their burden to show the items listed were for another obligation, attempted to do so by Mr. McTague's testimony. Although the jury apparently found against them on that issue, defendants maintain that is understandable due to the fact that they were improperly denied the opportunity to explain or show fully the nature of this obligation to plaintiffs. McTague does not deny paying Schroedl interest on the note, but maintains paying interest on a note barred by the statute does not revive it. On the other hand, he contends he never admitted the items listed as deductions in the signed income tax returns were all interest, and claims the item listed "Tony Schroedl $400" was a dividend obligation.

It is true payment of interest does not of itself amount to an admission under section 614.11, supra. It is also true, due to the sustaining of plaintiffs' motion in limine, it was difficult for defendants to show the items listed as interest were not interest on this note but payments on some other obligation. The court seemed to recognize this dilemma and permitted defense counsel to ask McTague one question about those entries. To the question, "Will you tell us exactly what that $400 was", McTague answered, "That was dividends."

Appellants contend it was error to permit defendant McTague to so testify. They assert his admissions in the pretrial deposition introduced amounted to a judicial admission

which precluded his contrary testimony at the trial. While it is true his deposition statements were made under oath, we cannot agree they amounted to judicial admissions. It is well established that a witness has the right to explain equivocal statements and entries previously made by him. Snittjer Grain Co. v. Koch, 246 Iowa 1118, 1127, 71 N.W.2d 29; Stearns v. Chicago, R. I. & P. Ry. Co., 166 Iowa 566, 148 N.W. 128; Wright v. Mahaffa, 222 Iowa 872, 270 N.W. 402. In Snittjer Grain Co. v. Koch, supra, we pointed out that ordinarily a "judicial admission" is one made in court by a person or his attorney for the purpose of being used as a substitute for the regular legal evidence of the fact at trial. It seems to be applicable where a witness unequivocally concedes a fact for trial purposes. The correct test we approved appears in Kanopka v. Kanopka, 113 Conn. 30, 39, 154 A. 144, 147, 80 A. L. R. 619, 624, i.e., that "Unless it amounts to such a stipulation or waiver as to have the force of a judicial admission, the testimony of a party to a fact is ordinarily no more conclusive upon him than the evidence given by any other witness; and it is the duty of the court or jury to determine the fact not alone from the testimony given by the party but from all the evidence in the case." Also see Black's Law Dictionary (Third Ed.) 61.

The above-mentioned cases make it clear a witness has the right to explain entries appearing on papers executed by him, to explain evidence previously given by him, and especially so if the act or statements are not unequivocal. We said in Silvia v. Pennock, 253 Iowa 779, 786, 113 N.W.2d 749, that unless the testimony does have the force of a judicial admission it is ordinarily no more conclusive upon him than the evidence of any other witness, and that it is the duty of the jury to determine the fact, not alone from the litigant's testimony, but from all the evidence. Also see 20 Am. Jur., Evidence, section 558; 31A C. J. S., Evidence, section 216; Streblow v. Sylvester, 195 Iowa 168, 191 N.W. 788; Schoenbaechler v. Louisville Taxicab & Transfer Co., 328 S.W.2d 514 (Ky.). In the latter case, cited by appellants, the plaintiff in a pretrial deposition gave testimony as to facts which were peculiarly within his knowledge and which clearly established contributory negligence on his

part, and then on trial of the action for injuries he attempted to refute his previously sworn testimony without any excuse or explanation, although stipulating that he gave such testimony and that questions on the deposition were clear and answers were unequivocal. There the circumstances and conditions did not give rise to any probability of error in answers given in the deposition and plaintiff was chargeable with a "judicial admission." We have no particular quarrel with that decision, but factually these cases are quite different.

In his deposition, after some examination as to the income tax return entries, defendant McTague was asked, "This schedule, or this heading 'interest paid' and the information thereunder, does that reflect interest that you paid to these various persons for the year indicated, for money that you borrowed from them?", and he answered, "Well, yes, I guess that is what you would call it." After careful examination of the entire deposition submitted, and taking it as a whole, we fail to find in it the necessary elements of a judicial admission. Clearly the conclusion given above was not unequivocal. It was subject to explanation.

A denial of one's alleged deposition statement is not hearsay. While it might be self-serving, it is usually admissible. The jury then determines the fact as in the case of all conflicting testimony. Snittjer Grain Co. v. Koch, supra, 246 Iowa 1118, 1127, 71 N.W.2d 29; Stearns v. Chicago, R. I. & P. Ry. Co., supra, 166 Iowa 566, 148 N.W. 128; Wright v. Mahaffa, supra, 222 Iowa 872, 270 N.W. 402. Space will not permit further discussion of this point, but see thereon Jones on Evidence, Fifth Ed., section 268.

IV. It is appellants' contention that defendants were not unduly restricted in the introduction of evidence by the ruling on their motion in limine, that, if they were restricted in their proof, it was by their pleadings, citing Snater v. Walters, 250 Iowa 1189, 98 N.W.2d 302, which only holds a party may not plead one contract and recover on another. They maintain the only joint venture involved was the one represented by the note in suit, that this avenue was eliminated by this court's prior decision. True, we said the allegations of paragraph 3 of de-

640

fendants' answer could not stand as an attempt to alter the terms of the note introduced. Paragraph 2, however, did not so. allege and was not stricken from the pleadings. It alleged a joint venture, a contribution by plaintiffs and a receipt to plaintiffs for their contribution toward a motion picture theater enterprise in Denison, Iowa, in the same form as the note in question. Obviously, then, it was toward this evidence, this explanation, that the motion in limine and the court order were directed.

Plaintiffs' motion in limine asked the court to instruct defendants and their counsel that it would not be permissible (1) to refer to plaintiffs' wealth or property, (2) to attempt to show that the promissory note sued upon is anything other than what it purports to be, (3) to attempt to show the existence of an alleged joint venture between the parties, and (4) to refer to or to show the operation of a theater or losses incurred therein. After hearing, the trial court precluded reference to these matters, except as to (1) which it reserved the right to reconsider should that item become clearly material.

In effect, then, all defendants' evidence in regard to those matters was suppressed. They could not explain the joint venture alleged or the obligation, if any, for the money they claimed was given plaintiffs. While the court permitted defendants' counsel to ask Mr. McTague about those income tax entries appearing under "interest paid" as "Tony Schroedl $400", the answer amounted to little more than a denial that the items were interest. Although his single declaration was permitted to stand over the objections of plaintiffs that it would permit the witness to contradict testimony given in an April 1962 deposition, that the answer of the witness would contradict the income tax returns, Exhibits 2 through 9, that no foundation had been laid for such testimony, that it was not the best evidence and was self-serving and immaterial, the bar to further explanation made it most ineffective.

The nub of this appeal, then, seems to be whether the court was right or wrong in sustaining plaintiffs' motion in limine. Since we have held Mr. McTague's deposition testimony, read into the record by their counsel, did not amount to

a judicial admission which precluded contradictory or explanatory testimony by the witness at the trial, there seems to be no reasonable basis for this blanket exclusion, and as to paragraph 3 it should not have been given.

Obviously, by the court's ruling and its tight restrictions, defendants could not show and explain the basis of their claim that those items found on the income tax returns were dividends. They should be permitted to explain this indebtedness fully, as long as they did not try to show the note in suit was something other than it purported to be. Schroedl v. McTague, supra, 256 Iowa 772, 776, 129 N.W.2d 19, 22, 23; Doran v. Doran, supra, 145 Iowa 122, 124, 123 N.W. 996, 997, 25 L. R. A., N.S., 805.

For the purpose of this appeal, then, we must assume, had Mr. McTague been given a full opportunity to do so, he would have explained what he meant by "dividends", by his statements in the deposition, and by those entries in the returns. Clearly, our former decision did not bar a showing in this proceeding that the entries on the income tax returns were payments of obligations which resulted from a joint venture.

While the word "dividend" itself does not import a creditor-debtor relationship or the existence of a debt, which seemed to be admitted in the tax returns, we cannot assume the evidence would not show a defendant guaranteed dividend such as appeared in Miller v. Geerlings, 256 Iowa 569, 128 N.W.2d 207. Thus there is no merit in the plaintiffs' contention that dividends could not be proven as alleged because to do so would impeach the note sued on. If it should appear that there was more than one obligation, an admission that McTague had paid interest on one of them would not be sufficient to revive the debt under section 614.11, supra. It is only when it appears interest is paid on a contract sued upon *and* its payment is acknowledged in writing signed by the alleged debtor, that the debt otherwise barred by statute is revived. See Leland v. Johnson, 227 Iowa 520, 288 N.W. 595.

While we think plaintiffs have made a case for the jury, we think the court erred in sustaining paragraph 3 of plaintiffs' motion in limine and unduly restricted defendants' opportunity

to show that the items claimed as admissions related to some other indebtedness or obligation. We think it amply justifies the trial court's order granting them a new trial. Hartford Fire Ins. Co. v. Lefler, supra.

V. Finally, appellants contend the trial court erred in granting defendants' motion for a new trial. They cite Fordyce v. Cappel, 257 Iowa 763, 133 N.W.2d 664, for the proposition that there can be no new trial on grounds which have no support in the record. We have no quarrel with that or other cases where there is nothing of substance which will support such a grant, but such is not the case at bar. As has been indicated, we think, as the trial court itself did when ruling on the motion, that it had unduly restricted the defendants in their task to show the so-called admissions did not relate to interest on the note in suit. In connection with that ruling it also appears that counsel for plaintiffs had tread close to the line of fairness when in final argument to the jury he said, "So don't be misled by statements about dividends, and I would like to say this about dividends: Mr. Page says they are dividends. Here, again, there is no evidence. Dividends of what? It is easy to say it is dividends. Where is the evidence? Where is the substantiation? Where is the footing under this thing?" Defendants' counsel objected and the matter was discussed outside the jury's presence. Mr. Page asked that the jury be "admonished to pay no attention to that, because that is calling for things which I could not do under the court order." The court at first refused, but later in the day just before final instructions, the jury was told to disregard those statements. Nevertheless, it would appear at that late hour the damage had been done. It is true defendants did not request a mistrial, but that failure does not remove all the poison. The court properly considered it along with undue evidentiary restrictions in concluding that an injustice had been done defendants and that they had not received a fair trial.

It is well settled in this jurisdiction that the Supreme Court will not interfere with a trial court's order granting a new trial unless it appears the discretion of that court has been abused. Wilson v. Iowa State Highway Comm., 249 Iowa 994, 90 N.W.2d

161; Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919; Greiner v. Hicks, 231 Iowa 141, 300 N.W. 727. We have interfered reluctantly and infrequently with an order granting a new trial. Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734; Larew v. Iowa State Highway Comm., 254 Iowa 1089, 120 N.W.2d 462. And we are more reluctant to interfere with the granting of a new trial than with an order denying a new trial. Rule 344(f)4, R. C. P. For application, see Mohr v. Iowa State Highway Commission, 255 Iowa 711, 124 N.W.2d 141; Farmers Insurance Exchange v. Moores, 247 Iowa 1181, 78 N.W.2d 518; Burke v. Reiter, 241 Iowa 807, 42 N.W.2d 907; Hartford Fire Ins. Co. v. Lefler, supra, 257 Iowa 796, 801, 135 N.W.2d 88, 91, and many citations.

We have also said the discretion of a trial court to enter an order for a new trial in the interest of justice is greater than that possessed by us. Hall v. West Des Moines, supra. And we will not usually interfere with a trial court's order in passing on the propriety of argument to the jury except in a clear case of abuse of discretion. Tilghman v. Chicago & N.W. Ry. Co., 253 Iowa 1339, 115 N.W.2d 165; Corkery v. Greenberg, 253 Iowa 846, 114 N.W.2d 327. Also bearing upon this problem, see Thompson v. Butler, 223 Iowa 1085, 274 N.W. 110; Heisdorffer v. Hammes, 241 Iowa 984, 42 N.W.2d 379. Finally, we have also said, if the trial court erroneously sustains grounds set out in a motion for a new trial, but there are other grounds upon which the motion should be sustained, the new trial will be allowed and the error is overlooked. Thompson v. Butler, supra.

Appellants here contend the grounds upon which the court granted a new trial will not support the order. The motion filed by defendants was predicated upon four grounds. The trial court, and we agree, found no merit in the first ground, i.e., that the verdict was not sustained by sufficient evidence. The second seems good to us and it was sustained by the trial court, i.e., that defendants were unduly restricted in offering evidence. Understandably, the trial court did not directly sustain the third ground of misconduct of plaintiffs' counsel. Included in the fourth ground, that the defendants on the whole record did

644

not have a fair trial, was the possible effect on the jury of the objected-to statements made in argument by plaintiffs' counsel. We do not say counsel was guilty of misconduct in referring to what he considered proper argument, i.e., that because of a legal barrier defendants could not explain what counsel believes was "a mirage." It does seem a bit unfair, especially when the barrier was raised at his instance, and its validity, to say the least, was doubtful on that point. There are certainly matters occasionally put before a jury which are so prejudicial that no admonition can erase them. Floy v. Hibbard, 227 Iowa 154, 289 N.W. 905; Cvitanovich v. Bromberg, 169 Iowa 736, 151 N.W. 1073, Ann. Cas. 1917B 309. Usually, if the matter is too bad, a motion for mistrial is granted if asked. The court here at first thought the references were not improper. Later it changed its mind and in the ruling granting a new trial concluded: "However, the damage had been done, and defendants have not had a fair trial in this cause."

This trial had its perplexing aspects, unusual problems, and unexpected events. On the whole we are inclined to agree with the trial court's ruling and feel at least there was no abuse of its discretion in granting a new trial.—Affirmed.

All JUSTICES concur.