# IN THE COURT OF APPEALS OF IOWA

No. 13-0765
Filed May 29, 2014

**IN RE THE MARRIAGE OF LEMLEM WOLDEGABIR**
**AND AFEWORKI G. HABTE**

**Upon the Petition of**
**LEMLEM WOLDEGABIR,**
　　　Petitioner-Appellee,

**And Concerning**
**AFEWORKI G. HABTE,**
　　　Respondent-Appellant.

_____

　　　Appeal from the Iowa District Court for Linn County, Mitchell E. Turner,

Judge.


　　　A husband appeals and a wife cross-appeals the district court's grant of a

new trial in their dissolution case. **AFFIRMED.**


　　　Patrick J. O'Connell of Lynch Dallas, P.C., Cedar Rapids, for appellant.

　　　Daniel W. Willems of Willems Law Office, Cedar Rapids, for appellee.


　　　Heard by Doyle, P.J., and Mullins, J., and Mahan, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MULLINS, J.**

Afeworki Habte appeals the district court's grant of a new trial in this dissolution case. He contends the court erred in setting aside the decree previously entered because there were no irregularities, he committed no malfeasance, and he had no part in his ex-wife's failure to attend the trial. He contends the court erred when it permitted hearsay testimony at the hearing on the motion for a new trial. Finally, he claims the court should not have recasted his ex-wife's motion as a motion for a new trial. In her cross-appeal, Lemlem Woldegabir asserts the court should have ordered the temporary spousal support to be reinstated as of the date the prior decree was entered, rather than when the motion for a new trial was granted. We affirm the decision of the trial court.

## I. Background Facts and Proceedings.

Lemlem and Afeworki were married in Holland in 2004. Lemlem filed for dissolution in April of 2011 with the help of attorney Steven Stefani. She also obtained an order of protection against Afeworki by agreement of the parties, without the finding of domestic abuse assault, in May 2011. In August 2011, Afeworki was ordered to pay temporary spousal support in the amount of $1300 per month after a hearing on Lemlem's application. The support was to be paid during the pendency of the action or until further order of the court. The case was set for trial on May 22, 2012, by an order of the court filed in September 2011. In the trial scheduling order, the court also provided that each party was to have filed by May 16, 2012, (1) current or updated financial statements, (2) child support guidelines, if applicable, and (3) a joint pretrial statement.

Lemlem's counsel, Stefani, was suspended indefinitely from the practice of law in November 2011 by order of the supreme court. Stefani was ordered to inform all clients of the suspension and to deliver to each client any papers or other property to which they were entitled. Lemlem asserts she was never informed of Stefani's suspension despite her multiple attempts to contact him in the months leading up to trial.

Neither Stefani nor Lemlem appeared on May 22, 2012, for trial. However, Afeworki and his attorney did appear. Afeworki did not move for a default judgment, but the court proceeded with trial and heard evidence from Afeworki alone. The court issued its ruling on May 24, 2012, noting the absence of both Stefani and Lemlem and stating that Stefani "was informed of the trial date and of the Court's discovery orders long before he was suspended from the practice of law. As such, the Petitioner must be presumed to have been provided notice of the discovery requirements as well as the trial date." The court went on to say,

> Petitioner actively and aggressively started this action and showed a high degree of sophistication. She then took no further action after temporary support was awarded. She must be held to have appreciated the importance of inquiring about the status of her case, regardless of the dilatoriness of her counsel. The Court will not prejudice Respondent because of inactivity on the part of Petitioner.

Relying on the evidence before it, the court dissolved the marriage; awarded the martial home to Afeworki; ordered no spousal support to be paid; awarded Afeworki the retirement accounts, stocks, and bank accounts; and ordered Afeworki to pay Lemlem a $5000 cash property award. It also canceled the no-contact order entered a year earlier.

Lemlem, along with Stefani, was mailed a copy of the decree. After she received it she claims to have immediately sought assistance in translating the order and obtaining new counsel. On June 8, 2012, her new counsel filed a motion to set aside the judgment by default per Iowa Rule of Civil Procedure 1.977. The motion stated Lemlem thought she was to meet with Stefani on May 22 to prepare for trial, which was to take place the first week of June. She claims Stefani never provided her instructions about the trial date such as where to go or when to be there. Lemlem asserted she repeatedly tried to get in contact with Stefani but no response was ever received. She did not know the trial date was May 22 and that is why she did not appear for trial. She claimed Stefani never contacted her after he was suspended from the practice of law. She asked that the default judgment entered be set aside because of mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty.

Afeworki resisted the motion filed by Lemlem to set aside the default judgment, asserting no such default judgment was entered. The hearing on the motion was reset several times and ultimately held on February 5, 2013. Immediately before the hearing, Lemlem filed a petition to vacate the judgment under Iowa Rules of Civil Procedure 1.1012–.1013. She asserted the same facts in support of this request as she had done in her prior motion, but she made no reference to the court entering a default judgment. She asserted a new trial was warranted because of "mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty or misfortune." The court permitted oral argument at the hearing, allowed the parties to submit written briefs and argument within two weeks, and then set an evidentiary hearing for April 24, 2013.

The court issued a ruling on February 26, 2013, finding the motion to set aside the default was not appropriate as no default judgment was entered. The court, at Lemlem's request, considered the motion to set aside the default judgment recasted as a motion for a new trial pursuant to Iowa Rule of Civil Procedure 1.1004. The court then asserted the evidentiary hearing was necessary to allow for the development of the factual record.

Following the evidentiary hearing, the court issued its ruling on May 1, 2013. The court found Lemlem's testimony credible that the first time she learned of the trial date was when she received a copy of the decree of dissolution. It also accepted her testimony that Stefani never provided any notice to her regarding his suspension from the practice of law and clearly engaged in the practice of law in March of 2012 when he met with Lemlem to discuss trial strategy. Lemlem and her interpreter testified Stefani told them at this meeting that May 22 was a pretrial conference, which she did not have to attend, and June 6 was the date of the trial if the case could not be settled. The court accepted this testimony as true and admitted into evidence an email from Stefani to Lemlem's interpreter dated October 3, 2011. The court concluded Stefani's deception rose above the mere failure to inform his client that he had been suspended from practice and that he affirmatively deceived her into believing he was continuing to represent her. The court rejected Afeworki's assertion that Lemlem could have and should have exercised greater prudence or diligence. The court found Lemlem's language barrier posed significant communication and dependence issues with and upon her attorney and to hold Lemlem to the ordinary prudence standard would be patently unfair.

The court concluded Lemlem was entitled to a new trial under rule 1.1004(1)—irregularity in the proceedings—and 1.1004(3)—accident or surprise which ordinary prudence could not have guarded against. In addition, the court found the decree should be vacated under rule 1.1012(2)—irregularity or fraud practiced in obtaining it—and 1.1012(5)—unavoidable casualty or misfortune preventing a party from prosecuting or defending. The court found Stefani was presumably an "officer of the court" and deceived his client on multiple levels and that deception constituted an "irregularity" within the meaning of the rules. The court specifically stated it was not finding Afeworki or his attorney guilty of fraud or deception and stated the ruling was not dependent on a finding or implication of misconduct on the part of Afeworki, upon a finding Afeworki did not disclose certain assets, or upon a finding that the terms of the decree were somehow unfair. The court vacated the decree, granted Lemlem a new trial, and reinstated the temporary orders effective May 1, 2013.

From this order, Afeworki appeals, and Lemlem cross-appeals.

## II. Scope and Standard of Review.

We generally review dissolution-of-marriage cases de novo as they are tried in equity. *See In re Marriage of Wagner*, 604 N.W.2d 605, 608 (Iowa 2000). However, a proceeding to vacate a judgment is an action at law, and the appropriate standard of review provides the district court's findings of fact have the effect of a jury verdict and are binding on appeal if there is substantial evidence to support them. *See In re Marriage of Butterfield*, 500 N.W.2d 95, 97 (Iowa Ct. App. 1993). Our review of a district court's ruling on a motion for a new trial depends on the grounds asserted in the motion. *Wagner*, 604 N.W.2d at

608.  If the motion is based on discretionary grounds, we review for an abuse of discretion, and we accord the district court broad but not unlimited discretion.  *Id.* If the motion is based on a legal question, our review is for correction of errors at law.  *Id.*  We are more reluctant to interfere with the granting of a new trial than an order denying a new trial.  Iowa R. App. P. 6.904(3)(d); *Schroedl v. McTague*, 145 N.W.2d 48, 57 (Iowa 1966).

**III.  Grounds For a New Trial.**

**A.    Rule 1.1004(1)—Irregularity in the Proceedings—and Rule 1.1012(2)—Irregularity or Fraud.**  Afeworki claims the trial court abused its discretion in granting a new trial in this case based on an irregularity under rules 1.1004(1) and 1.1012(2).  Specifically, he contends the court erred as a matter of law by holding the conduct of Stefani "presumably an officer of the court" constituted an irregularity.

Rule 1.1004(1) provides the court with the ability to vacate a decision and grant a new trial when a party's substantial rights have been materially affected by: "Irregularity in the proceedings of the court, jury, master, or prevailing party; or any order of the court or master or abuse of discretion which prevented the movant from having a fair trial."  Similarly, rule 1.1012(2) permits a court to vacate a judgment or grant a new trial if there is: "Irregularity or fraud practiced in obtaining it."

Our supreme court has made clear that to qualify as an "irregularity" under rule 1.1012(2)[1] a party must "suffer an adverse ruling because of some action or inaction on the part of the court or some court personnel." *Costello v. McFadden*, 553 N.W.2d 607, 612 (Iowa 1996). In addition, "the action or inaction must be contrary to some prescribed rule, mode of procedure, or court practice involving the conduct of the lawsuit." *Id.* Finally, the party complaining about the action or inaction "must not have caused, been a party to, or had prior knowledge of the breach of the rule, the mode of procedure, or the practice of the court." *Id.* Our supreme court has routinely rejected claims made under this rule where the action or inaction complained of was centered on a party or the party's attorney. *See id.* (holding the actions of the attorney in failing to respond to a motion for summary judgment did not constitute an "irregularity" under what is now rule 1.1012(2)); *see also In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999) (holding the action of an attorney in providing advice to both parties of a dissolution action did not constitute an "irregularity" under now rule 1.1012(2)). "[A]llegations of attorney misconduct related solely to the relationship between the attorney and client, and the alleged ethical violations had nothing to do with the court, court personnel, or the conduct of the litigation." *Cutler*, 588 N.W.2d at 429.

The district court's ruling that imputed the unethical conduct of Stefani in failing to alert his client to the suspension of his license to an action of "court personnel" based on his status as an "officer of the court" was clearly in error and

---

[1] While this court could not find any case law specifically interpreting "irregularity" under rule 1.1004(1), we will interpret the term consistent with the supreme court's interpretation of the same term under rule 1.1012(2).

resulted in an abuse of discretion when the trial court vacated the prior judgment and granted a new trial based on "irregularity" under rule 1.004(1) or rule 1.1012(2). However, we may still uphold the trial court's grant of a new trial if the court did not abuse its discretion in granting a new trial under one of the other grounds under rule 1.1004 or rule 1.1012. *See Schroedl*, 145 N.W.2d at 58 ("[I]f the trial court erroneously sustains grounds set out in a motion for a new trial, but there are other grounds upon which the motion should be sustained, the new trial will be allowed and the error is overlooked.").

**B. Rule 1.1004(3)—Accident or Surprise.** Afeworki also claims the court should not have granted a new trial based on rule 1.1004(3), which allows the court to grant a new trial when a party's substantial rights have been materially affected by an "[a]ccident or surprise which ordinary prudence could not have guarded against." Afeworki contends it would be "patently unjust and unreasonable for Lemlem to benefit from this rule" "where the only accident or surprise she may have experienced would have been her own attorney's alleged failure to properly advise her of the trial date."

The district court concluded after hearing the testimony of Lemlem and her interpreter that Stefani did not provide the required notices of his suspension and never told her the correct trial date. In fact, the court concluded Stefani went so far as to affirmatively deceive Lemlem by continuing to act as if he still represented her in March, four months after his suspension, when he met with Lemlem and the interpreter to discuss trial strategy.

From our review of the record, it appears both Afeworki's attorney and the trial court knew Stefani had been suspended when the case proceeded to trial in

May 2012. We presume this is the reason the court sent a copy of the decree directly to Lemlem[2] and did not simply send it to counsel of record.[3] However, the fact Stefani had been suspended from the practice of law six months prior to trial was clearly a surprise to Lemlem when she received a copy of the dissolution decree in the mail. The evidence also shows Lemlem attempted to maintain contact with Stefani during the course of proceedings but was unable to get a response from Stefani on a number of occasions. In light of the language barrier Lemlem faced, the trial court rejected Afeworki's assertion that she could have or should have exercised greater prudence or diligence in the matter. The trial court concluded that to hold Lemlem to an "ordinary prudence" standard no different from a "far more sophisticated citizen" would be "patently unfair."

Rule 1.1004(3) provides that accident or surprise must be of the kind that "ordinary prudence could not have guarded against." Lemlem clearly attempted, unsuccessfully, over several months to maintain contact with her attorney and was unable to obtain information from him regarding her pending case. Even holding Lemlem to the "ordinary prudence" standard, we conclude the trial court did not abuse its discretion in vacating the prior decree and ordering a new trial based on Lemlem's surprise that her counsel had been suspended. *See First Nat'l Bank v. Harwick*, 37 N.W. 171, 172–73 (Iowa 1888) (upholding the trial court's grant of a new trial due to accident or surprise where an attorney for one party attempted to reach the court in time for trial but was unable to make it despite his exercise of ordinary prudence to be in attendance at the proper time).

---

[2] The decree indicates the clerk sent a copy of the decree to Stefani, counsel for Afeworki, and Lemlem.

[3] We note that Afeworki's counsel was mailed a copy, but Afeworki was not.

11

**C. Rule 1.1012(5)—Unavoidable Casualty or Misfortune.** Having found the new trial was properly granted under rule 1.1004(3)—accident or surprise—we need not address the final ground utilized by the court to grant a new trial—rule 1.1012(5)—unavoidable casualty or misfortune preventing a party from prosecuting or defending. However, we do note that rule 1.1013 requires the grounds for granting a new trial under rule 1.1012 must not, and could not have, been discovered in time to proceed under rule 1.1004 or 1.977. Because Lemlem discovered Stefani's suspension from the practice of law within the time to seek a new trial under rule 1.1004, the relief provided under rule 1.1012 was not available to her. *See* Iowa R. Civ. P. 1.1013(1).

**D. Malfeasance of Afeworki.** Finally, Afeworki asserts the court abused its discretion in granting a new trial where the evidence shows he committed no malfeasance and had no part in Lemlem's failure to attend trial. We note the district court's ruling specifically stated it did not find Afeworki guilty of fraud or deception and also stated its ruling was not dependent on any finding or implication of misconduct on the part of Afeworki. In addition, the court stated it did not find Afeworki failed to disclose assets or that the terms of the decree were unfair. While some of the grounds for a new trial under rules 1.1004 and 1.1012 require some type of fraud or deception to be perpetrated by the nonmoving party, *see* Iowa Rs. Civ. P. 1.1004(2), 1.1012(2), no such requirement is contained in rule 1.1004(3). Thus Afeworki's lack of malfeasance has no bearing on the issue of whether a new trial should be granted under 1.1004(3).

**IV. Hearsay Evidence.**

Next, Afeworki asserts the district court should not have permitted Lemlem and her interpreter to testify as to what Stefani told them at the hearing on the motion for a new trial. Afeworki contends this evidence was hearsay, and the court should not have relied on it in granting the new trial. Specifically, he challenges the admission of an email allegedly sent by Stefani to Lemlem's interpreter that stated incorrectly that May 22, 2012, was the pretrial date. Afeworki also objected to the interpreter's testimony pertaining to what Stefani told Lemlem at the March 2012 meeting. When Lemlem's counsel offered the email from Stefani, Afeworki's counsel objected, stating, "Objection, your Honor. Double hearsay. Highly prejudicial, and there's a lack of foundation for the e-mail." The court noted the objection but overruled it summarily and admitted the exhibit. Likewise, when the interpreter was asked whether Stefani talked about the case at the March meeting, counsel for Afeworki stated, "I'm going to object again, your Honor. The proper way to present this testimony is to subpoena Mr. Stefani, bring him in here. It's an out-of-court statement offered for the truth of the matter asserted. It's highly prejudicial and it shouldn't be allowed." In response, the court stated:

> It's also a court of equity, which means that the Rules of Evidence do not strictly apply, and this is an equitable proceeding to determine whether or not the prior decree should be vacated. I understand that there's some problems with this being hearsay. However, I'm going to admit this testimony. I will take your objections into consideration with regard to the weight that I give this testimony and whether or not I deem that this testimony is sufficient to meet the purposes of the rule. However, the objection is noted. It's overruled. This witness may answer.

It is true that in equitable proceedings all evidence offered must ordinarily be received, subject to any objection made, in order to preserve the evidence for the record. *In re Marriage of Leo*, 213 N.W.2d 495, 497–98 (Iowa 1973). This is done so that the record is complete on appeal in order for the appellate court to conduct a de novo review, and it permits the appellate courts to decide the case on the record without the need for a remand. *Id.* However, it is not true that the rules of evidence do not strictly apply in equitable proceedings. *See* Iowa R. Evid. 5.1101 (providing the rules of evidence are applicable to all proceedings except those specifically identified). In addition, a hearing on a motion for a new trial, even one made within the context of a dissolution action, is an at-law hearing, not an equitable proceeding. *See Cutler*, 588 N.W.2d at 429.

While the court overruled the hearsay objections without asking counsel for Lemlem whether an exception to the rule applies, on appeal Lemlem asserts Stefani's statements were not offered to prove the truth of the matter asserted. *See* Iowa R. Evid. 5.801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted"). Instead, she claims the statements were offered "to prove lies, false, and misleading information which Lemlem reasonably relied upon in her failure to show up for trial and her failure to retain an attorney to replace Stefani." Essentially she asserts the statements were offered to explain her responsive conduct in failing to show up for trial.

Even if we assume the challenged evidence is inadmissible hearsay, as Afeworki contends, we will presume prejudice to the nonoffering party unless the contrary is shown affirmatively. *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa

1998). Prejudice will not be found where the challenged evidence is merely cumulative. *Vasconez v. Mills*, 651 N.W.2d 48, 57 (Iowa 2002). Here, Lemlem testified, without objection, that Stefani told her the wrong date for the trial. Because the evidence Afeworki objected to—the interpreter's testimony of what Stefani said and the admission of the email exhibit regarding what Stefani told Lemlem about the trial date—was merely cumulative to Lemlem's testimony, to which no objection was made, we find no prejudice in the court's admission of the challenged evidence.

**V. Recasted Motion.**

Finally, Afeworki claims the court should not have recasted Lemlem's motion to set aside a default under rule 1.977 as a motion for a new trial under rule 1.1004. He claims Lemlem at no time requested the motion to be recast and the court had no authority on its own initiative to recast the motion. He asserts this sua sponte action by the trial court impugns the court's impartiality as it appears the court was advocating on behalf of Lemlem.

We note the court's first ruling on Lemlem's posttrial motions, filed February 26, 2013, states, "*the Petitioner requests* that the Court consider the Motion to Set Aside the Default Judgment and request for a new trial as being a request for a new trial pursuant to Rule 1.1004 of the Iowa Rules of Civil Procedure." (Emphasis added.) The court did not consider and recast the motion sua sponte, as asserted by Afeworki, but considered the issue at the request of Lemlem. There is no transcript of this hearing available in the court record, and Afeworki does not assert the court's order inaccurately recited what occurred at the hearing. Nor has he filed a statement of evidence or proceeding

as provided in Iowa Rule of Appellate Procedure 6.806(1) to provide us with a record of what transpired at that hearing.  We reject Afeworki's claim the court improperly recasted the motion on its own initiative.  We thus will proceed to consider whether the court was correct to recast the motion at Lemlem's request.

The court is to look at the substance of a motion in determining what type of motion is presented, not its name.  *See Zimmer v. Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010).  The motion filed by Lemlem, while clearly titled as a motion to set aside a default judgment under rule 1.977, requested a new trial. Many of the grounds to justify setting aside a default judgment overlap with the grounds for a new trial under rule 1.1004, including the surprise of a party. Afeworki was clearly on notice of Lemlem's request for a new trial based on her surprise that trial had occurred without her being present.  The motion was filed within the time required for a rule 1.1004 motion.  *See* Iowa R. Civ. P. 1.1007. We find no error in the trial court's recasting of the motion filed.

## VI.  Cross-Appeal—Temporary Alimony.

Lemlem cross-appeals the trial court's decision on her posttrial motions, asserting the court should have ordered Afeworki to again pay her temporary spousal support beginning when the dissolution decree was entered, in June of 2012, rather than restarting the support once her motion for a new trial was granted in May 2013.

The supreme court decided in *Wagner*, 604 N.W.2d at 610, that when the court vacates a spousal support order in a dissolution decree and orders a new trial on the issue of spousal support alone, the prior temporary spousal support order is automatically reinstated as if no final decree had been entered.

However, the decision noted a trial court could modify this automatic reinstatement by specifically providing otherwise in its order vacating the prior decree: "[W]hen a support award in a final decree is vacated, a temporary award is automatically reinstated as if there had been no final decree, *unless the court's order vacating the support award shows otherwise*." *Wagner*, 604 N.W.2d at 610 (emphasis added).

When the court vacated the prior decree and ordered the case set for a new trial, the court placed the parties back into the position they occupied immediately prior to the former decree being entered. While it normally would automatically reinstate the prior temporary spousal support order as of the date of the previous decree, the trial court's order vacating the prior decree "shows otherwise." The court specifically stated the temporary orders entered on August 5, 2011, would be reinstated as of May 1, 2013, not June 1, 2012. We find no abuse of discretion in this decision. Thus, the temporary support order is reinstated as of May 1, 2013, until such time as a further order of the court modifies that obligation either through a new decree or a modification of the temporary support order.[4]

**VII. Conclusion.**

We affirm the district court's decision to grant a new trial in this case under Iowa Rule of Civil Procedure 1.1004(3). We conclude the court's admission of hearsay evidence did not prejudice Afeworki as it was merely cumulative to other

---

[4] We note Afeworki filed an application for suspension, reduction, or termination of the temporary support immediately prior the trial on May 21, 2012. Because the case proceeded to trial as scheduled on May 22, 2012, and the court did not order spousal support as part of the dissolution decree entered May 24, 2012, it does not appear the court ever ruled on this application.

evidence, and the court did not abuse its discretion in recasting Lemlem's posttrial motion. Finally, we find no abuse of discretion in the court's decision to reinstate the temporary spousal support as of the date the motion for a new trial was granted rather than the date the prior vacated decree was entered.

Costs on appeal are divided one-half to each party.

**AFFIRMED.**